WALKER & BROCK *v.* D. W. RANLETT COMPANY ET AL.

. October Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 15, 1915.

*Banks and Banking—General Deposit of "Arrival" Draft—*
*Title—Right to Charge Back—Effect on Passing Title—Pre-*
*sumptions on Review of Judgment on Report.*

A deposit in a bank by a general depositor thereof of a draft indorsed
in blank, or made payable to that bank, and placed to the drawer's
credit therein subject to check before collection, *prima facie* passes
title to the draft and creates the relation of debtor and creditor.

The fact that the bank has the right, upon being unable to collect the
draft so deposited, to charge back to the depositor's account what
it credited thereto on the strength of the draft is consistent with
the passage of the title to the draft when it was so deposited, for
that is a generally recognized practice where title passes.

When the court below sends up its decision, accompanied only by the
report on which it is based, this Court on review will presume
in aid of the judgment below that the lower court made from the
facts reported only such unexpressed inferences as fairly and rea-
sonably may be drawn from those facts.

Where claimant bank relied on title to the draft in question on the
ground that it was a general deposit subject to check before collec-
tion, and the commissioner did not expressly find as to the intent
of the parties in respect of passing title, but reported that the
depositor was a regular customer of the claimant bank; that the
draft was delivered to it in the ordinary course of business for
collection; that the amount thereof was credited to the depositor
subject to check; that on the day of the deposit the depositor re-
duced his general check account to a comparatively small sum;
and that the relation between the depositor and claimant bank
permitted the depositor in the usual course of business to draw
before collection against drafts so deposited, the bank charging
the depositor interest on the amount of the drafts at the end of
the month for the time they were outstanding, and charging back
to the depositor's account the amount of drafts that the bank

failed to collect, those findings do not, against the presumption, arising from the facts reported, that the parties intended the title to the draft to pass to claimant, fairly and reasonably support a contrary inference; and so this Court cannot presume in aid of the judgment below that the trial court made that inference.

ASSUMPSIT begun by trustee process, Citizens Savings Bank and Trust Company, Trustee, and First National Bank of Boston, Claimant. Judgment by default against the principal defendant. Hearing on the report of the commissioner as to the rights of the trustee and claimant, at the June Term, 1914, Caledonia County, *Fish*, J., presiding. Judgment that the trustee is liable for the amount of the funds in its possession, less its taxable costs; and judgment against the claimant for costs. The trustee and claimant excepted. The opinion states the case.

*Joseph Fairbanks* for the trustee and claimant.

*Simonds, Searles & Graves* for the plaintiffs.

TAYLOR, J. The case is here on exceptions by the trustee and claimant to the judgment of the county court holding the trustee liable on the commissioner's report. The trustee, the Citizens Savings Bank & Trust Co. of St. Johnsbury, Vermont, having filed a disclosure denying liability and The First National Bank of Boston, Mass., having entered as claimant, a commissioner was appointed under the statute to take the disclosure of the trustee. The commissioner has found and reported the following facts:

The plaintiffs are grain dealers doing business at West Barnet, Vermont. The defendant, a corporation having its principal office at Boston, Mass., conducts a grain brokerage business. Prior to Sept. 9, 1912, the plaintiffs ordered a carload of corn from the defendant. On Sept. 9, 1912, the defendant made an "arrival" draft on the plaintiffs for $750.25, the price of the corn, payable to the order of The First National Bank of Boston, Mass. To this draft was attached the order bill of lading covering the shipment of corn. On the same day the defendant deposited the draft at the claimant bank. As shown by the exhibits attached to the report, this draft was one of the ten drafts aggre-

gating $11,248.97 deposited that day by the defendant. The draft was indorsed by the claimant payable to the order of any bank, banker or trust company and with the attached bill of lading was forwarded to the trustee for collection. On the arrival of the shipment the plaintiffs paid the draft and immediately brought this suit against the defendant and trusteed the Citizens Savings Bank and Trust Co.

The commissioner reports that the defendant was a regular customer of the claimant bank; that the draft was delivered to the claimant in the ordinary course of business and for collection; that the amount of said draft less exchange was immediately credited to the defendant in its general account subject to check; that on the day of the deposit of said draft the defendant, by checks, reduced its general account therein to seven hundred dollars; that the relation of claimant and defendant permitted the defendant, in the usual course of business, to draw checks against drafts so deposited in anticipation of their collection; that the arrangement with the defendant was such that claimant was to charge interest on the amount of the draft at the end of the month for the time the draft was outstanding, and, upon failure to make collection of said draft, to charge it up to defendant's account.

The commissioner also reports that no discount was charged and the draft was not purchased by the claimant "unless the transaction as stated imply a purchase" and that claimant's title to and rights in said draft and the proceeds thereof are "only such as are imputed by law from the nature of the entire transaction." The concluding paragraph of the report is as follows: "I find that upon payment of said draft by plaintiff to trustee, as aforesaid, that the trustee thereupon became debtor to claimant for the amount of said payment (seven hundred fifty-one and 25/100 dollars); that defendant had no title or interest therein upon which it could have based suit against trustee. I find that the trustee ought to be discharged and the claim of The First National Bank of Boston, as claimant ought to be allowed."

The county court accepted the report of the commissioner and rendered judgment thereon "that the funds in the hands of the trustee are funds of the defendant" and held the trustee chargeable. Did the court below err in its judgment on the report? The judgment does not follow but disregards the decision of the commissioner. We do not deem it necessary to consider

how far the conclusions of the commissioner are controlling when the report is accepted, as the case can be disposed of without reference to his decision.

By the decided weight of authority a deposit by a general depositor of a draft indorsed in blank or made payable to the bank where deposited and placed to his credit subject to check, *prima facie,* passes the title to the draft and creates the relation of debtor and creditor. *Burton* v. *United States,* 196 U. S. 283, 49 L. ed 482, 25 Sup. Ct. 243; *Metropolitan·Nat. Bk.* v. *Merchants' Nat. Bk.,* 182 Ill. 367, 55 N. E. 360, 74 Am. St. Rep. 180; *Metropolitan Nat. Bk.* v. *Loyd,* 90 N. Y. 530; *Taft* v. *Quinsigamond Nat. Bk.,* 172 Mass. 363, 52 N. E. 387; *Aebi* v. *Bank of Evansville,* 124 Wis. 73, 102 N. W. 929, 68 L. R. A. 964, 109 Am. St. Rep. 925; *Downey* v. *Nat. Ex. Bank,* 52 Ind. App. 672, 96 N. E. 403; Notes 47 Am. St. Rep. 389 and 7 L. R. A. (N. S.) 695 and cases cited. Thus, nothing to the contrary appearing, the presumption in those circumstances is that the parties intended that title to the draft should pass; but this presumption is rebuttable and their apparent purpose will yield to their real intention if shown. The question must necessarily depend upon the facts of the particular case. If the parties intend that the paper shall be treated as cash, the title passes immediately upon receipt of the deposit. On the other hand, if it is intended that the bank shall not be responsible except as agent for collection, title remains in the depositor. See note 86 Am. St. Rep. 775 and cases cited; also 3 R. C. L. 524 where the leading cases on the subject of title to checks and drafts deposited are digested.

The commissioner has not expressly found on the question of intention. The report is silent on that subject except that his decision negatives any inference drawn by him to rebut the presumption that title to the draft passed to the claimant. Will this court presume in aid of the judgment below that the county court inferred as a fact an intention of the parties that the title should not pass? The rule is that when the court below sends up its decision accompanied only by the report on which it was based, this Court only presumes in aid of its judgment that it inferred such facts from the report as on examination it can see that the county court ought to have inferred. It is not sufficient that the facts reported have some tendency to establish the required fact. An inference which this Court will presume must

be a fair and legitimate conclusion arising from the facts reported. *Pratt* v. *Page et al.,* 32 Vt. 13.

The deposit by the defendant, a general depositor, of the draft made payable to the claimant and immediately placed to the credit of the defendant subject to its checks, *prima facie,* passed title to the claimant. It remains to consider whether there is anything in the report, construed in the light of all the findings, that fairly tends to negative this presumption, from which the county court ought to have made such an inference.

The finding that no discount was charged when the draft was deposited is of no force to rebut the presumption in view of the finding that interest was to be charged at the end of the month on the amount of the draft for the time that elapsed before judgment. The maturity of the draft depended upon the arrival of the shipment at its destination. Its time to run could not be ascertained in advance. The arrangement for interest may well have been in lieu of discount; at least, it was entirely consistent with an intention that title to the draft should pass to the claimant.

The statement that the draft was not purchased by the defendant "unless the transaction as stated imply a purchase" and that claimant's title to and rights in said draft and the proceeds thereof are "only such as are imputed by law from the nature of the entire transaction" is equivalent to a statement that there was no direct evidence upon the question of title, or no evidence from which the commissioner could find an express intention. This statement does not affect the presumption as to title.

The statement that the draft was delivered to the claimant for collection, taken in connection with the other findings, does not justify the conclusion that it was entrusted to the bank for collection merely. It was made payable to the order of the bank; it was taken in the ordinary course of business from a general depositor; it was immediately credited to the general account of the defendant and became subject to its checks; it was apparently treated as a cash deposit; it was part of a large sum made up wholly of drafts of a similar character deposited on the same day against which checks aggregating practically the same amount were immediately drawn, reducing the defendant's balance of that day to a sum less than the amount of this particular draft. These facts are inconsistent with the idea that the bank received the draft as a mere agent for collection. It is apparent

that the commissioner did not use the phrase "for collection" in its strict technical ·sense.

The finding that in the event of failure to collect the draft the claimant was to charge it up to defendant's account does not rebut the presumption that title to the draft and its proceeds was in the claimant, but was consistent with it. It was, or may well have been, simply a method adopted by the bank to collect from the drawer in case the draft was dishonored. It was a circumstance to be considered on the question of title; but the right to charge back, either by express agreement or custom of bankers, is generally recognized where title has passed, and so is not ·deemed controlling on that question. *Burton* v. *United States*, 196 U. S. 283, 297, 49 L. ed. 482, 25 Sup. Ct. 243; *Brooks* v. *Bigelow et al.*, 142 Mass. 6, 6 N. E. 766; *American Tr. & Sav. Bank* v. *Gueder & Paeschke Mfg. Co.*, 150 Ill. 336, 37 N. E. 227.

There being nothing in the report fairly and legitimately supporting a contrary inference, the presumption as to the intention of the parties arising from the circumstances reported must prevail. It follows that the county court erred in its judgment on the report and that the claimant is entitled to the funds in the hands of the trustee.

We do not need to consider whether, if the draft had in fact been received by the claimant merely for collection, the fund could then have been reached as a credit of the defendant. The authorities, which are conflicting on this question, are reviewed in an extended note in 38 Am. St. Rep. 777.

*Judgment as to the trustee and claimant reversed; judgment that the trustee is not chargeable, that the claimant is entitled to the funds in controversy and that the trustee and claimant recover costs.*