# CITY OF DOUGLAS *v.* FEDERAL RESERVE BANK OF DALLAS.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 279.  Argued April 28, 1926.—Decided June 1, 1926.

1. When paper is indorsed without restriction by a depositor, and is at once passed to his credit by the bank to which he delivers it, he becomes the creditor of the bank; the bank becomes owner of the paper, and in making the collection is not the agent for the depositor. P. 492.

2. Upon the deposit of paper unrestrictedly indorsed, and credit of the amount to the depositor's account, the bank becomes the owner of the paper, notwithstanding a custom or agreement to charge the paper back to the depositor in the event of dishonor. P. 493.

3. A depositor who has thus surrendered his rights in paper which is later dishonored, and whose account, under his agreement with the depositary bank, has been charged with the amount previously credited, has no relation with a bank to which the depositary sent the paper for collection upon the basis of which he may recover from the second bank for its want of diligence in that regard. P. 494.

2 Fed. (2d) 18, affirmed.

ERROR to a judgment of the Circuit Court of Appeals which affirmed a judgment in favor of the Federal Reserve Bank, defendant, rendered by the District Court (300 Fed. 573,) in an action brought by the City of Douglas to recover the amount of a check, alleged to have been dishonored, and recharged to the plaintiff, because of defendant's negligence in failing to collect it.

*Mr. Harry E. Pickett,* with whom *Messrs. Cleon T. Knapp* and *James P. Boyle* were on the brief, for plaintiff in error.

*Mr. E. B. Stroud,* with whom *Mr. A. H. Culwell* was on the brief, for defendant in error.

MR. JUSTICE STONE delivered the opinion of the Court.

The County of Cochise, Arizona, on December 22, 1920, drew its check on the Central Bank of Willcox, Arizona, in favor of plaintiff in error, hereafter called plaintiff. Plaintiff delivered the check indorsed in blank to the First National Bank of Douglas, Arizona, and that bank credited plaintiff's account and passbook with the amount of the check. The passbook had printed upon its face, "All out of town items credited subject to final payment." The Douglas Bank indorsed the check, "Pay to the order of the El Paso Branch, Federal Reserve Bank of Dallas," which will be referred to as defendant, and forwarded it to that bank for collection.

Defendant forwarded the check, in due time, to the drawee bank at Willcox. The latter debited the drawer's account with the amount of the check, stamped it "paid," later returning it to the drawer, and transmitted to the defendant, in lieu of cash, its own check upon the Central Bank at Phoenix, in an amount covering this and other items. The last check was dishonored; both the Willcox Bank and the Central Bank of Phoenix having failed, the First National Bank of Douglas received no proceeds of the check and charged back the amount of it to the account of plaintiff.

Plaintiff brought suit in the District Court for western Texas to recover the amount of the check, on the ground that defendant was negligent in accepting the check of the Willcox Bank in payment instead of cash, especially because it was chargeable with notice that both the Willcox Bank and the Phoenix Bank were then insolvent. The case was tried without a jury, and resulted in a judgment for defendant, 300 Fed. 573, which was affirmed by the Court of Appeals for the Fifth Circuit. 2 Fed. (2d) 818. The case comes here on writ of error. See Jud.

Code, §§ 241, 128 and 24, First (a); *Sowell* v. *Federal Reserve Bank*, 268 U. S. 449. Plaintiff assigns as error the holding of the Circuit Court of Appeals that defendant was not in such a relationship with plaintiff as to permit plaintiff to recover for the defendant's negligence.

Both plaintiff and defendant concede that it is the rule of the federal courts that a bank which receives commercial paper for collection is not only bound to use due care itself, but is responsible to its customer for a failure to collect, resulting from the negligence or insolvency of any bank to which it transmits the check for collection. This is the so-called "New York rule," which in effect makes the first bank a guarantor of the solvency and diligence of the correspondents which it employs to effect the collection. *Exchange Nat. Bank* v. *Third Nat. Bank,* 112 U. S. 276. And see *Federal Reserve Bank* v. *Malloy,* 264 U. S. 160, 164, for a comparison of this rule of liability with the "Massachusetts rule" by which the initial bank is liable only for its failure to exercise due care in the selection of an agent to make the collection. Under the Massachusetts rule the agent selected becomes the agent of the owner of the paper, who may maintain an action directly against it for the negligent performance of its undertaking. See *Federal Reserve Bank* v. *Malloy,* *supra,* 164. Compare *Bank of Washington* v. *Triplett,* 1 Pet. 25, where the undertaking of the initial bank was to transmit paper for collection.

From this the defendant argues that under the rule applied in the federal courts, the First National Bank of Douglas became liable by its contract with plaintiff for the negligence of the defendant; hence that there was no privity of contract between plaintiff and defendant, and no basis for a recovery even though defendant was negligent in accepting an exchange check from the Willcox Bank. See *Federal Reserve Bank* v. *Malloy, supra,* 164.

This was the view taken by the Circuit Court of Appeals, but the plaintiff objects that it is not a necessary corollary of the New York rule applied in *Exchange National Bank* v. *Third Nat. Bank, supra,* that one who deposits paper for collection may not proceed against a correspondent selected by the initial bank for that purpose, for negligent failure to make the collection, and that neither *Exchange Nat. Bank* v. *Third Nat. Bank* nor *Federal Reserve Bank* v. *Malloy* so held. It objects also that in any event the rule is not applicable here because of the stipulation appearing on the face of the passbook "All out of town items credited subject to final payment."

It is said that the effect of this language was to relieve the initial bank, the First National Bank of Douglas, from the liability which would otherwise have resulted under the New York rule, and to make it a mere agent to transmit the paper to defendant for collection, and thus to make applicable the Massachusetts rule. See *Federal Reserve Bank* v. *Malloy, supra.* In that case, a local statute relieved the bank receiving paper for collection, from any liability except that of due care in selecting a sub-agent for collection and in transmitting the paper to it; and it was held that the owner of the paper might proceed against the sub-agent for negligent failure to collect the paper.

It is not necessary to decide any of these questions here. For when paper is indorsed without restriction by a depositor, and is at once passed to his credit by the bank to which he delivers it, he becomes the creditor of the bank; the bank becomes owner of the paper, and in making the collection is not the agent for the depositor. *Burton* v. *United States,* 196 U. S. 283; *Union Electric Steel Co.* v. *Imperial Bank,* 286 Fed. 857; *General Amer. Tank Car Corp.* v. *Goree,* 296 Fed. 32, 36; *In re Ruskay,* 5 Fed. (2d) 143; Scott, Cases on Trusts, p. 64, note, par. 8, pp. 66-67.

Such was the relation here between the plaintiff and the Douglas Bank, unless it was altered by the words printed on the pass-book to the effect that out of town items were credited " subject to final payment." The meaning of this language, as the cashier of the Douglas Bank testified, and as the court below held, was that if the check was not paid on presentation, it was to be charged back to plaintiff's account. The check was paid and the drawer and indorsers discharged. *Malloy* v. *Federal Reserve Bank*, 281 Fed. 997; *Federal Reserve Bank* v. *Malloy*, 264 U. S. 160, 166; *Nineteenth Ward Bank* v. *Weymouth Bank*, 184 Mass. 49; *Winchester Milling Co.* v. *Bank of Winchester*, 120 Tenn. 225. Without these words the relationship between the plaintiff and the bank was that of indorser and indorsee; and their use here did not vary the legal rights and liabilities incident to that relationship, unless it dispensed with notice of dishonor to the depositor. As was said by the court in *Burton* v. *United States, supra,* 297:

" The testimony . . . as to the custom of the bank when a check was not paid, of charging it up against the depositor's account, did not in the least vary the legal effect of the transaction; it was simply a method pursued by the bank of exacting payment from the indorser of the check, and nothing more. There was nothing whatever in the evidence showing any agreement or understanding as to the effect of the transaction between the parties— the defendant and the bank—making it other than such as the law would imply from the facts already stated."

While there is not entire uniformity of opinion, the weight of authority supports the view that upon the deposit of paper unrestrictedly indorsed, and credit of the amount to the depositor's account, the bank becomes the owner of the paper, notwithstanding a custom or agreement to charge the paper back to the depositor in the event of dishonor. *Burton* v. *United States, supra;*

*Brusegaard* v. *Ueland,* 72 Minn. 283; *Nat. Bank of Commerce* v. *Bossemeyer,* 101 Neb. 96, 102; *Walker & Brock* v. *Ranlett Co.,* 89 Vt. 71; *Aebi* v. *Bank of Evansville,* 124 Wis. 73. See *Scott* v. *McIntyre Co.,* 92 Kans. 503; *Vickers* v. *Machinery Warehouse & Sales Co.,* 111 Wash. 576. But see *Implement Co.* v. *Bank,* 128 Tenn. 320; *Packing Co.* v. *Davis,* 118 N. C. 548.

Plaintiff having thus surrendered its rights in the paper, only rights arising out of its contract with the initial bank remained. If those rights were affected by the act or omission of defendant, they were affected only because that contract so stipulated. Defendant's duties arose out of its contract with the initial bank, or out of its relation to that bank as owner of the paper. Hence there was no relationship between plaintiff and defendant which could be made the basis of recovery for defendant's want of diligence.

*Judgment affirmed.*