**FIRST NAT. BANK OF RIGBY, IDAHO, v. FIRST UTAH NAT. BANK OF OGDEN, UTAH.**

(Circuit Court of Appeals, Eighth Circuit. November 12, 1926.)

No. 6927.

**I. Banks and banking ⊕⇒171(7)—Forwarding bank can recover against correspondent bank, accepting draft without recourse, for checks forwarded for collection.**

Where correspondent bank in collecting checks forwarded to it, accepted draft without recourse, and surrendered checks to drawee bank, forwarding bank was entitled to recover therefor, on failure to drawee bank before presentation of draft.

15 F.(2d)—58

**2. Banks and banking ⊕⇒127—Bank becomes owner of paper unrestrictedly indorsed for deposit, notwithstanding custom or agreement to charge paper back to depositor in event of dishonor.**

On deposit of paper unrestrictedly indorsed and credit of amount, bank becomes owner of paper, notwithstanding custom or agreement to charge such paper back to depositor in event of dishonor.

**3. Banks and banking ⊕⇒171(6)—Bank, receiving checks for collection, is liable for failure to collect because of negligence of any bank to which it transmits checks.**

Bank, in receiving checks for collection, must not only use due care, but is also liable for failure to collect, resulting from negligence of any bank to which it transmits checks for collection.

**4. Banks and banking ⊕⇒161(3)—Bank, as collecting agent, has no authority to accept anything for debt of principal, except legal tender.**

A bank is collecting agent, without authority to accept anything for debt of principal, except that which the law declares to be legal tender, and is responsible for any resulting loss on surrender of paper on payment of anything except cash.

**5. Trial ⊕⇒177—Request for directed verdict by both parties submits determination of disputed facts to court.**

Request for directed verdict by both parties submitted to court ascertainment and final determination of disputed facts.

**6. Appeal and error ⊕⇒997(3)—On appeal from directed verdict, after request therefor by both parties, appellate court is limited to determination of whether law was correctly applied.**

On appeal from directed verdict, after request therefor by both parties, appellate court may not review controverted facts, but may determine whether there was error in application of the law.

In Error to the District Court of the United States for the District of Utah; Tillman D. Johnson, Judge.

Action by the First National Bank of Rigby, Idaho, against the First Utah National Bank of Ogden, Utah. From the judgment, plaintiff brings error. Reversed and remanded, with directions.

The parties being referred to in the order in which they appear in the trial court, plaintiff, a national bank doing business in Rigby, Idaho, received three checks, each dated November 26, 1923, from different customers, drawn by one T. C. Bond, on D. W. Standrod & Co., Bankers, of Blackfoot, Idaho, in following amounts, to wit: $247.50, $1,137.75, and $1,956.57, aggregating $3,341.82—and indorsed by payee customer for deposit, to whom it issued a deposit slip for amount of

such check on which was printed the following: "Outside checks credited subject to payment." These checks were sent by plaintiff to defendant, its correspondent at Ogden, Utah, in the usual course of business between them, which was, upon the mailing of the checks by plaintiff to defendant the latter would immediately be charged with the face thereof, and upon receipt of same plaintiff would immediately be credited with such amount. The checks reaching defendant on November 27, 1923, it immediately gave credit to plaintiff for amount of $3,341.82, and sent same for collection to First National Bank of Blackfoot, Idaho. Said checks being received on November 28, 1923, and on same day presented for payment, it accepted in payment a draft drawn in favor of said First National Bank of Blackfoot on Walker Bros., Bankers, of Salt Lake City, Utah, in the sum of $3,341.82, surrendering same to said D. W. Standrod & Co. This draft, indorsed by First National Bank of Blackfoot, Idaho, without recourse, was sent directly to defendant.

November 29, 1923 (Thursday), being a legal holiday, the following day D. W. Standrod & Co., Bankers, failed to open for business, the state banking commissioner taking charge of said bank. Defendant on said date, receiving notice of such failure, so advised plaintiff, and stated that it would forward to it the three checks as soon as same were returned to it, and thereafter on same day received from First National Bank of Blackfoot a card acknowledging receipt of the three checks. On December 1, 1923, defendant receiving through the mail said draft on Walker Bros., Bankers, advised plaintiff by mail that it was forwarding same to Walker Bros. at Salt Lake City for collection. On December 4, 1923, said draft being dishonored, it was returned to defendant. Defendant, through its cashier, calling plaintiff over long-distance telephone and asking for instructions concerning said draft, was directed by plaintiff's cashier to return said draft to First National Bank of Blackfoot for recovery of original checks or items; the plaintiff at that time not having been advised that the draft on Walker Bros. was indorsed without recourse. Thereafter defendant advised plaintiff by letter that it had returned the draft to First National Bank of Blackfoot, with request that it demand of the D. W. Standrod & Co. the return of said checks that had been surrendered in lieu of said draft. On December 6th defendant again received from First National Bank of Blackfoot the draft on Walker Bros. with a letter stating that it could not obtain return of said checks. Defendant then by mail advised plaintiff of such fact, inclosing to it said draft. Plaintiff, receiving said draft on December 7, 1923, immediately returned same to defendant, demanding credit for the amount of the three checks, to wit, $3,341.82, which was refused.

Plaintiff in its petition averred that it was "the owner and holder of each and all of said checks," and that plaintiff "has been damaged in the sum of $3,341.82, which said loss grows out of the loss to the complainant of the checks as aforesaid, and said loss was occasioned solely by the carelessness and negligence of the defendant."

Without a conflict it was proved that "it was not in the ordinary course of banking, in the sections where these various banks were located at the time in question, to remit a draft drawn by the bank from whom the collection was made, payable to the collecting bank and indorsed by the collecting bank 'without recourse.'" The customary method was for the collecting bank to remit exchange in the form of a draft drawn by the collecting bank and payable to the bank from which it received the collection items.

After the introduction of all the evidence, both parties moved the court for directed verdict, the defendant assigning grounds as follows: (1) No proof that plaintiff was owner of said checks; (2) improper parties plaintiff; (3) ratification on part of plaintiff; (4) negligence on part of plaintiff in not charging items back to the three depositors; (5) no negligence on part of defendant; (6) plaintiff, if entitled to bring action, it is only as assignee of depositors, and none of the separate items within the jurisdictional amount. And plaintiff as follows: (1) Defendants surrendered said items for something other than cash and contrary to usual custom of banks in handling same; (2) defendant negligent in receiving draft indorsed "without recourse," under conditions disclosed by record, and not properly notifying plaintiff on December 1, 1923.

Plaintiff and defendant each having indicated their intention to move for directed verdict, the court stated that "the two motions in effect take the case from the jury and requires the court to pass upon it." Counsel for plaintiff then stated: "Would this be possible under the circumstances, if the court please, in view of the turn the case has taken, and apparently it is being narrowed down to perhaps one or two propositions: Couldn't the jury be discharged here by understanding, and the matter submitted to your honor for final decision upon the matter?" And the

court stated: "I couldn't consider it, unless you men agreed to it. * * * If you gentlemen will consent to the discharge of the jury and submit the case to the court, I will take it under advisement, and you may file briefs upon this question." Counsel for defendant then stated: "I don't believe we are in a position to agree to that. We think the orderly course would be—we have raised other questions here which we would also desire to raise, and we think it would not be fair to us now to ask us to agree that this case be continued for further hearing. We think it should be disposed of, and upon motion for new trial we can argue all those questions; then either side can take such further action as they see fit." The court then stated: "Unless counsel consents, we cannot waive a jury. So far as I view it, the case is within very narrow limits. Fill out a verdict, finding in favor of the plaintiff, and assess his damages at $1."

J. H. Peterson and T. C. Coffin, both of Pocatello, Idaho, for plaintiff in error.

J. H. De Vine, J. A. Howell, David L. Stine, and R. C. Gwilliam, all of Ogden, Utah, for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLIAMS, District Judge.

WILLIAMS, District Judge (after stating the facts as above). [1-3] Under controlling authority in federal courts upon the deposit of paper unrestrictedly indorsed and credit of the amount to the depositor's account, the bank becomes the owner of the paper, notwithstanding a custom or agreement to charge such paper back to the depositor in event of dishonor; such agreement evidenced by following indorsement on the deposit or credit slip: "Outside checks credited subject to payment." City of Douglas v. Federal Reserve Bank of Dallas, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051, decided by Supreme Court of United States June 1, 1926, and Federal Reserve Bank v. Malloy, 264 U. S. 166, 167, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261. The defendant bank, in receiving the checks for collection, was itself bound, not only to use due care, but was also liable to plaintiff for a failure to collect, resulting from negligence of any bank to which it transmits the checks for collection, in effect being responsible for proper diligence on part of correspondent employed by it to effect such collection. City of Douglass v. Federal Reserve Bank of Dal-

las, supra. The acceptance of the draft on Walker Bros., of Salt Lake City, by the First National Bank of Blackfoot, Idaho, acting for the defendant, had effect of releasing drawer as well as indorsers of said three checks, resulting in a transfer of the drawer's funds and surrender of his right of action against the drawee bank; previous rights and obligations by the owner of the check and drawer being superseded and released to the drawee, the checks being thereby paid, and the drawer and indorsers discharged. City of Douglas v. Federal Reserve Bank of Dallas, supra; Id. (C. C. A. 5th Cir.) 2 F.(2d) 818, 44 A. L. R. 1425; Id. (D. C.) 300 F. 573; Malloy v. Fed. Reserve Bank, supra; Id. (C. C. A. 4th Cir.) 291 F. 763; Id. (D. C.) 281 F. 997.

[4] A bank, as collecting agent, is without authority to accept for the debt of the principal anything but that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par; the rule applying to a bank receiving commercial paper for collection. If such bank accepts the check of the party bound to make payment and surrenders the paper, it is responsible to the owner for any resulting loss. The acceptance by the bank as collecting agent of anything else rendered it liable to the holder as though it had been collected in cash. Federal Reserve Bank v. Malloy, 264 U. S. 166, 167, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261.

The cause of action as herein declared complies with the essentials of assumpsit at common law: (1) Implied promise; (2) breach; and (3) damages—the measure of recovery being sum due on account of what was done under such contract.

[5, 6] The effect of a request by each side for a directed verdict in the hearing before this court is not in any way considered by counsel. Both parties, asking for a directed verdict, thereby submitted to the court the ascertainment and final determination of the disputed facts of the case, and as to such controverted facts there can be, under this record, no review. But as to the undisputed facts in the court below, as disclosed by the record before us, on review here, it may be determined whether error was committed as to the application of the law. Empire State Cattle Co. v. Atchison, Topeka & S. F. R. Co., 210 U. S. 1, 28 S. Ct. 607, 52 L. Ed. 931, 15 Ann. Cas. 70; Meyer & Chapman State Bank v. First National Bank of Cody (C. C. A.) 291 F. 42; Jackson v. Bell (C. C. A.) 14 F. (2d) 61. The trial court upon the uncontroverted evidence should have directed a verdict

in favor of plaintiff for $3,341.82, with interest.

This case is reversed and remanded, with instructions to proceed in accordance with this opinion.