JOHN CLANCY, Respondent, v. FIRST STATE BANK OF REGENT, NORTH DAKOTA, a Corporation, Appellant.

(215 N. W. 779.)

**Banks and banking — when bank became owner of check on which depositor received credit.**

1. Prior to the enactment of chapter 92 of the Session Laws of 1927 it was the general rule that where a bank received from a depositor a check drawn on another bank, and entered the same upon the depositor's pass book and gave him credit on his deposit for the amount, the bank, in the absence of evidence to the contrary, became the owner of the check even though there may have been a usage that in case the check was dishonored it should be charged back on the account of the depositor.

**Banks and banking — usage or custom charging back check, immaterial.**

2. When such a check was paid by the bank on which it was drawn the contract of the drawer was complete and it became immaterial whether there was a usage or custom permitting the bank to charge back such a check if dishonored.

**Bills and notes — note given on theory that check was unpaid when in fact it was paid — no consideration.**

3. Where a promissory note is given on the theory that such a check was not paid when presented and the credit extended to the depositor is to remain

Note.—(1) Title to commercial paper deposited by the customer of a bank to his account, see annotation in 7 L.R.A.(N.S.) 695; 11 A.L.R. 1043; 16 A.L.R. 1084; 42 A.L.R. 492; 3 R. C. L. 524; 1 R. C. L. Supp. 842; 4 R. C. L. Supp. 192; 5 R. C. L. Supp. 185.

uncancelled, there is a total failure of consideration for said note when it appears that said check was in fact paid.

Opinion filed October 22, 1927.

Banks and Banking, 7 C. J. § 314 p. 635 n. 28, 29. Bills and Notes, 8 C. J. § 1018 p. 744 n. 36.

Appeal from the District Court of Hettinger County, *Lembke,* J. Affirmed.

*Divet, Shure, Holt, Frame, Murphy & Thorp* and *V. H. Crane,* for appellant.

By a special contract the parties may regulate the manner of collecting and remitting. Farmers State Bank v. Union Nat. Bank, 173 N. W. 789.

"It (the bank) contracted to collect the paper itself and is responsible for the default of its agents in the same manner as though the act of the agent had been performed by itself." Hommerberg v. Bank (Minn.) 212 N. W. 16.

"There is a fundamental distinction between the liability of one who contracts to do a thing, and that of one who merely receives a delegated power to act for another. The distinction applies in cases where banks and bankers take commercial paper to collect for customers." 52 L.R.A.(N.S.) 635, note.

If a custom exists as a custom it is immaterial that a particular person was ignorant of it. 27 R. C. L. §§ 9, 10.

In matter of collection of commercial paper, custom at a distant point, though unknown, is binding upon him. First Nat. Bank v. First Nat. Bank, 134 S. W. 831; New York R. Co. v. First Nat. Bank (Conn.) 134 Atl. 223.

"It is true that the question whether an agent of an agent is liable to the principal in damages for loss caused by subagent has been much discussed. . . . In New York, the rule that the agent can maintain an action against the subagent and that the principal cannot do so is firmly established." Commercial Bank v. Red River Nat. Bank, 8 N. D. 382, 79 N. W. 859.

"Where a bank, as a collecting agency, receives a note for the purpose of collection, its position is that of an independent contractor, and

the instruments employed by such bank in the business contemplated are its agents, and not the subagents of the owners of the note." Exchange Nat. Bank v. Third Nat. Bank, 112 U. S. 276, 28 L. ed. 722.

"A contract implied in fact, or an implied contract in the proper sense, arises where the intention of the parties is not expressed, by an agreement in fact, creating an obligation, is implied or presumed from their acts. . . . It will be implied that the party did make such an agreement as, under the circumstances disclosed he ought in fairness to have made. . . . A contract will not be implied where it would result in the perpetration of a wrong, or it would be inequitable to do so, or where the parties cannot legally make an express contract; so a promise to do an act contrary to duty or to law is never implied." 13 C. J. 241.

*Jacobsen & Murray,* for respondent.

"When paper is endorsed without restriction by a depositor, and is at once passed to his credit by the bank to which he delivers it, he becomes the creditor of the bank; the bank becomes the owner of the paper, and in making the collection is not the agent of the depositor." Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 Sup. Ct. Rep. 554.

"It is a settled law that a collecting agent is without authority to accept for the debt of his principal anything but that which the law declares to be a legal tender, or which is by common consent considered and treated as money, and passes as such at par. The rule applies to a bank receiving commercial paper for collection, and if such bank accepts the check of the party bound to make payment and surrenders the paper, it is responsible to the owner for any resulting loss." Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 Sup. Ct. Rep. 296.

"Generally bank accepting check for collection is authorized to receive money only and has no implied authority to receive draft instead, and, if it does so, it assumes risk that draft will be paid, and becomes liable to owner for amount of check." Jensen v. Laurel Meat Co. (Mont.) 230 Pac. 1081.

BURR, J. On December 9, 1924, the plaintiff, for the purpose of becoming a customer of the defendant bank, drew a check for $600 on the Nicollet County Bank in Minnesota in favor of the defendant. One of the bank officials made out the deposit slip but gave no copy

thereof to the plaintiff. The defendant bank treated this check as a deposit, entered it in a pass book given to the plaintiff, and on the books of the bank as a credit to the plaintiff. Plaintiff received permission to check against this deposit, and did so check. As stated in appellant's brief, "The check was forwarded in due course to the First National Bank at Minneapolis, and by it forwarded to the collecting bank, a sister institution at St. Peter and was actually collected by it."

That is, the Nicollet County Bank paid the check when it was presented for payment. This collecting bank in St. Peter remitted to the First National Bank of Minneapolis by draft, but this draft was dishonored because this bank of St. Peter became insolvent and closed its doors. The First National Bank of Minneapolis had of course given credit to the defendant bank, and because of the insolvency of the bank in St. Peter revoked the credit. The defendant then notified the plaintiff of this failure to receive the proceeds of the check, and on December 19, 1924, on the theory that the Nicollet County Bank had failed, induced the plaintiff to give his note for $600 in lieu of the credit he had received. On learning that the bank on which he had drawn the check had not failed, and that the check was paid, plaintiff brought this action to cancel the note, on the ground among others, of failure of consideration. By stipulation of the parties this is the only issue in the case. The trial court found for the plaintiff and the defendant appeals.

The record shows that plaintiff, when he gave the defendant his check for $600 supposed the defendant would handle the check on the Nicollet County Bank in the same manner it handled similar checks, but it does not show that he knew what this usage was. However, while he may not have been familiar with the methods usually employed, we assume he did not expect the bank to send a special messenger to Minnesota to get the cash and bring it back. When the plaintiff issued his check to the defendant for a deposit credit and the defendant placed the same to the credit of the plaintiff and permitted him to check against it, the defendant became the owner of the check and so far as this case is concerned the relation between the parties was that of debtor and creditor. This is now the settled law in this jurisdiction. See First Nat. Bank v. Wells County, 54 N. D. 502, 209 N. W. 962. Here Judge Birdzell, in discussing the question of holder for value, says "when an indorsee bank upon the transfer of paper to it, gives to the

depositor a conditional credit, and afterwards pays drafts and checks of the depositor on the strength of that credit, the indorsee becomes a holder for value." This view has the support of eminent authority. See Douglas v. Federal Reserve Bank, 271 U. S. 489, 492, 70 L. ed. 1051, 1053, 46 Sup. Ct. Rep. 554; National Bank v. Bossemeyer, 101 Neb. 96, L.R.A.1917E, 374, 162 N. W. 505.

The only warranty of the plaintiff we need to consider is that the check would be paid by the Nicollet County Bank when presented to it. The check was so paid when presented. Being the property of the defendant it was immaterial to the plaintiff through what agency the defendant sought collection. Under the circumstances of this case the defendant was not the agent of the depositor for collection. The defendant was dealing with its own property and could select any channel of collection which it saw fit. Had the check been dishonored it would be a different tale. But it was the collecting bank that failed, not the bank on which the check was drawn, hence plaintiff fully complied with his warranty. As shown in the case of Berg v. Federal Reserve Bank, ante, 406, 52 A.L.R. 988, 213 N. W. 965, the contract of a drawer of a check is fulfilled when the holder presents the check for payment and the drawer has funds on deposit to meet it which the drawee is ready and willing to deliver. In this case the drawer had the funds, the holder presented the check, and the funds were paid over on the check.

We do not attach much importance to the contention that it was the custom and usage of the bank to charge back to the depositors uncollected checks. There is no contention that such usage was brought directly to the attention of the plaintiff in this case so as to make it a part of the contract. That the plaintiff may have supposed and understood the usual practice would be followed does not say he knew what that usual practice was. Under facts quite similar to those shown in this case the Supreme Court of Vermont held that they did not give rise to a "fair and legitimate conclusion that the parties did not intend title" to the check should pass. Walker v. D. W. Ranlett Co. 89 Vt. 71, 93 Atl. 1055. We can see no difference in principle between such a check deposited by an endorser and one deposited by the drawer. It is only when proof of a contrary intent is shown that the bank is not considered the owner of the check.

But even though we should consider there was an understanding and agreement between the plaintiff and defendant that the check could be charged back against his account if not paid, nevertheless, title passed to the defendant, and it was the defendant's check, subject to the condition. What would be required to set the condition in operation would be that the check was not paid. But the check was paid in this case and so such condition, usage and custom did not become operative "and therefore the title acquired by the bank on receipt of the check has never been devested." See Brusegard v. Ueland, 72 Minn. 283, 75 N. W. 228, 229.

"The fact of the right to charge back the check to the depositor's account if it should be dishonored . . . does not affect the character of the transfer or render the bank any the less the owner of the check." Noble v. Doughten, 72 Kan. 336, 3 L.R.A.(N.S.) 1167, 83 Pac. 1048.

It is apparent, of course, that chapter 170 of the Session Laws of 1925 (§ 6954a1 of Supplement) and chapter 92 of the Session Laws of 1927, have no application to the case, regardless of their effect on the question of agency of the defendant bank. The check and the note are to be determined by the law at the time they were given.

It is conceded this note was given on the theory that the check had not been paid and that therefore plaintiff owed the defendant the amount of credit he received in his pass book, and which he had checked against. But this credit was the consideration for the check and that contract was completed. There was therefore no consideration for this note. The judgment of the lower court is affirmed with costs.

BIRDZELL, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.