**ASHLEY STATE BANK OF ASHLEY, N. D., v. CITY NAT. BANK OF BISMARCK, N. D., et al.**

Circuit Court of Appeals, Eighth Circuit. April 20, 1929.

No. 8281.

Francis Murphy, of Fargo, N. D. (W. S. Lauder and Max W. Lauder, both of Wahpeton, N. D., and W. H. Shure, of Fargo, N. D., on the brief), for appellant.

J. A. Hyland, of Bismarck, N. D. (C. L. Foster, of Bismarck, N. D., on the brief), for appellees.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

LEWIS, Circuit Judge. Appellant was the owner of an interest-bearing certificate of deposit issued for the sum of $7,450.00 by the First State Bank of Wishek, North Dakota, which fell due on October 12, 1926. On that day it forwarded the certificate to the City National Bank of Bismarck, N. D., enclosed in a letter in which it said: "We enclose for collection and credit." The certificate was endorsed:

"Pay City National Bank Bismarck N. Dak. or order.
"Ashley State Bank,
"W. L. Johnson, Cashier."

The letter was received late that day. The next morning, October 13, when the City National Bank opened it credited the account of the Ashley State Bank with the amount shown by the certificate, including accrued interest. It had been the custom of the two banks for a number of years to do business in that way. The City National Bank would credit all items received from the Ashley State Bank immediately upon receipt, reserving the right, however, as to all items which were not collected, to charge them back against the account of the Ashley State Bank. The Ashley Bank would draw on its account in the City National and its drafts were honored. Had it not given the Ashley Bank credit in its account with the City National for the certificate of deposit that account would have been overdrawn at the close of business October 13. On October 13 the City National Bank sent the certificate of deposit to the Security State Bank of Wishek, N. D., for collection, and it was presented to the First State Bank of that place for payment the next day. A few minutes before the usual time for the City National Bank to open its doors for business on October 14, 1926, it was notified by the chief national bank examiner at Minneapolis not to open the bank for business that day and he would

be out that evening and give instructions. A receiver was soon thereafter appointed and it did not open again. On October 14 the Ashley State Bank notified the First State Bank of Wishek, before the certificate of deposit was presented to it for payment, not to pay it, and it was not paid until some time thereafter when settlement was made with the receiver by the Security State Bank of Wishek, which had collected the certificate of deposit. The City National Bank was indebted to the Security State Bank when the former was closed and in settlement of accounts between it and the receiver of the City National Bank the receiver received the sum of $2,393.76. The Ashley State Bank then brought this suit, claiming that the City National Bank was only its agent for the collection of the certificate of deposit, the title to the certificate remained in the Ashley State Bank, and that when the receiver of the City National collected the certificate he took and holds the proceeds as the plaintiff's trustee, and judgment was asked against him therefor. After hearing the testimony the court dismissed the bill and plaintiff has appealed.

The effect of a general indorsement under the facts set forth is stated in Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051, thus:

"For when paper is indorsed without restriction by a depositor, and is at once passed to his credit by the bank to which he delivers it, he becomes the creditor of the bank; the bank becomes owner of the paper, and in making the collection is not the agent for the depositor."

This principle was again recognized in Equitable Trust Co. v. Rochling, 275 U. S. 248, 48 S. Ct. 58, 72 L. Ed. 264.

However, appellant insists that the letter transmitting the certificate of deposit shows that it employed the City National Bank as its collection agent only. In this connection the request that the City National give it credit for the certificate seems to be ignored. But the course of business between the two banks would be enlightening as to the capacity in which the City National received and handled the certificate of deposit if no request for credit had been made. The Ashley Bank carried a depositor's account in the City National and checked against that account. The mail which carried the certificate of deposit to the City National Bank passed through Wishek. The outstanding checks of the remitting bank drawn on the City National Bank would have more than exhausted its deposits in the latter had it not sent the certificate of deposit for credit to the City

National. The uniform course of dealing between the two banks, the letter transmitting the certificate of deposit, the unrestricted indorsement, and the circumstances under which the certificate was transmitted convinced the trial court that the City National was not acting merely as a collection agent for the Ashley State Bank, and that when the Ashley Bank indorsed and transmitted the certificate it did so with the intention of disposing of the certificate to the City National and obtaining credit in its depositor's account for the amount thereof. Clearly the City National took that view of the transaction and acted accordingly. It is our opinion that the greater weight of the evidence sustains that conclusion.

It is also argued that the City National acted fraudulently in placing the certificate of deposit as a credit to the Ashley State Bank when the former was insolvent. St. Louis, etc., R. Co. v. Johnston, 133 U. S. 566, 10 S. Ct. 390, 33 L. Ed. 683, is relied on. But there is no proof that the managing officers of the City National knew that it was insolvent prior to October 14, when the national bank examiner took charge of it, and their testimony strongly indicates that it was then financially able to continue its business.

The order of dismissal is therefore affirmed.