**SCHRAM v. ASKEGAARD, School District Treasurer, et al.**

District Court, D. Minnesota, Sixth Division.
August 16, 1929.

C. G. Dosland, of Moorhead, Minn., for plaintiff.

Garfield H. Rustad, of Moorhead, Minn., for defendants.

SANBORN, District Judge. On December 19, 1928, the treasurer of Clay county issued a check payable to Eugene Askegaard, treasurer of district 69, for $6,297.22. On the same day, Mr. Askegaard indorsed this check and deposited it with the Comstock State Bank. On the deposit slip was this notation: "All checks and drafts credited subject to payment." The check was credited to the account of the defendant treasurer at the bank, and took up an overdraft of some $352. The check was, by the Comstock State Bank, sent to the First & Moorhead National Bank of Moorhead, for collection and credit. When it was received by the latter bank, it was credited to the Comstock State Bank, and took up an overdraft of $3,875.60. The check was then forwarded, for collection, to the First National Bank of Minneapolis, and by it to the Federal Reserve Bank, and by it to the First National Bank of Barnesville, which latter bank refused payment of it because payment had been ordered stopped by the treasurer of Clay county. The check was then charged back by the various correspondent banks until it came to the First & Moorhead National Bank. By that time the Comstock State Bank had closed its doors, and the First & Moorhead National Bank could not charge it back. Thereafter this bank went into the hands of a receiver also, and he brings this

suit upon this check against the defendants, upon the theory that, when the treasurer deposited the instrument with the Comstock State Bank he parted with title to it, in consideration of being credited with the amount of it at the time of the deposit, that the plaintiff is now the owner of this check, and is entitled to hold the defendants on the indorsement of the treasurer.

▮▮ Were it not for chapter 138, Laws of Minnesota 1927, the contention of the plaintiff would have to be sustained under Federal Reserve Bank v. Malloy, 264 U. S. 160, 44 S. Ct. 296, 68 L. Ed. 617, 31 A. L. R. 1261, and City of Douglas v. Federal Reserve Bank of Dallas, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051. Chapter 138, however, reads as follows:

"Any bank, savings banks or trust company (hereinafter called 'bank') doing business in this State, in receiving items for deposit or collection, in the absence of a written agreement to the contrary, shall act only as the depositor's collecting agent and shall have no responsibility beyond the exercise of due care. All such items shall be credited subject to final payment in cash or solvent credits. Such bank shall not be liable for default or negligence of its duly selected correspondents nor for losses in transit, and each correspondent so selected shall not be liable except for its own negligence. Such bank or correspondent may send items, directly or indirectly, to any bank including the payer, and accept its draft, check, or credit as conditional payment in lieu of cash. It may charge back any item at any time before final payment whether returned or not." Section 1.

It is not claimed that there was any written agreement between the defendants and the Comstock State Bank changing the effect of the statute, and, under the circumstances, it would appear that there was a conclusive presumption that the Comstock State Bank, when it received this item for deposit, became merely the depositor's collecting agent, that the relation of debtor and creditor never existed between it and the defendants, and that it never owned the check in question. Such being the case, the First & Moorhead National Bank of Moorhead, Minnesota, never became anything more than an agent for the Comstock State Bank for the purpose of collecting the money upon this check. Upon its failure to make the collection, the Comstock State Bank's account with it was restored to the same condition which it would have been in had the National Bank never credited the check to its account.

I therefore find that the defendants are entitled to an order dismissing this action and to recover their costs and disbursements. Let judgment be entered accordingly.