DEPOSITORS HOLDING COMPANY, a Corporation, Appellant, v. ASHLEY STATE BANK, a Corporation, Respondent.

(232 N. W. 602.)

Opinion filed October 15, 1930.

*Hyland & Foster,* for appellant.

■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Shure & Murphy* and *Wishek & Wishek,* for respondent.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

SWENSON, Dist. J. This action was brought by the plaintiff, the Depositors Holding Company, a corporation, against the Ashley State Bank, a banking corporation, to recover on three sight drafts, aggregating $1,693.95, drawn by the Ashley State Bank, defendant, in its own favor, upon the First State Bank of Wishek, and one check for the sum of $122.34, drawn by the Bankers Loan Company on the First State Bank of Wishek, North Dakota, payable to the order of the defendant.

The three sight drafts and the check involved in this action were forwarded on the 11th day of October, 1926, by the defendant to the City National Bank of Bismarck, North Dakota, for collection and credit. At the time said items were forwarded, and for a number of years prior thereto, the City National Bank of Bismarck, and the Ashley State Bank, defendant herein, were correspondent banks. It was the custom and usage existing for a number of years between these two banks, for the City National Bank to credit all outside items sent to it by the Ashley State Bank, conditional upon payment thereof, and all items not paid were charged back to the Ashley State Bank. These items were endorsed unrestrictedly and forwarded by the defendant to the City National Bank by mail, and on October 12, 1926, the City National Bank credited these items, together with a number of others, to the account of the defendant, and forwarded to the defendant an instrument known as Advice of Credit, wherein it is stated, "Outside items and sight drafts credited subject to payment."

On the 13th day of October, 1926, the City National Bank of Bismarck forwarded the drafts and the check, together with other items,

to the Security State Bank of Wishek; said drafts and checks were presented to the State Bank of Wishek for payment by the Security State Bank of Wishek on the 15th day of October, 1926, and payment was refused, and said drafts and check were then returned to the City National Bank of Bismarck, or its receiver.

On the 13th day of October, 1926, the City National Bank of Bismarck closed its doors, and a receiver was appointed. After the City National Bank had closed its doors and before the said items were presented to the First State Bank of Wishek, the Ashley State Bank had notified and requested the First State Bank of Wishek not to pay said items. After the return of said drafts and check the City National Bank of Bismarck notified the defendant of the non-acceptance and non-payment of the same, and demanded payment from the defendant, which demand was refused. The items involved in this action were not charged back to the Ashley State Bank, but the receiver of the City National Bank assigned and transferred the said drafts and checks to the plaintiff, the Depositors Holding Company. The plaintiff afterwards demanded payment from the defendant of said drafts and said check, which demand was refused, whereupon the plaintiff brought this action to recover the amount of said drafts and check upon the theory that the City National Bank was the owner of said drafts and said check, and that by reason of the City National Bank having given defendant credit for said items, the relation of debtor and creditor existed between the defendant and the City National Bank, and the absolute title to the said drafts and check had passed to the City National Bank. The credit balance of the Ashley State Bank with the City National Bank at the time the bank closed and at the time the items were returned, was in excess of the total of said items.

This case was tried before the lower court without a jury, and findings of fact and conclusions of law were made by the judge in favor of the defendant dismissing said action. From said judgment plaintiff has taken an appeal.

When a check or other commercial paper is deposited in a bank, endorsed for collection, there is no question that the title to the paper remains in the depositor and the bank merely acts as agent of the depositor for the purpose of collection. 3 R. C. L. p. 524.

The plaintiff contends that inasmuch as the drafts and the check forwarded to the City National Bank for collection and credit, were endorsed unrestrictedly, and the City National Bank immediately gave the defendant credit for the same upon its books, the City National Bank became the purchaser of said drafts and check; that the relation of debtor and creditor was thereby established between the City National Bank and the defendant, and that the City National Bank became the absolute owner of the items involved.

The decisions of the different courts upon this question are not harmonious. The lack of uniformity, however, is more apparent than real. Each case must be judged by its own particular facts. This court in the case of State ex rel. Stensby v. McClelland, 58 N. D. 365, 226 N. W. 540, approved the rule that "The positive authority of a decision is coextensive only with the facts on which it is made."

In the case of Re State Bank, 56 Minn. 119, 45 Am. St. Rep. 454, 57 N. W. 336, the facts were very much the same as in the case at bar. The court, speaking through Judge Mitchell, uses the following language:

"It might, at first sight, strike many that the facts that the indorsements of the petitioners were unrestricted, and that the amount of the drafts was placed to their credit, with a privilege of drawing against it by check, would be conclusive that the drafts immediately became the property of the bank; but we are satisfied that upon both principle and authority there is no hard and fast rule on the subject. There is no question but that the general rule is that, upon a deposit being made by a customer in a bank, in the ordinary course of business, of money drafts or other negotiable paper, received and credited as money, the title of the money drafts or other paper immediately becomes the property of the bank; which becomes debtor of the depositor for the amount; and, if no other facts appeared except these, they would be held to conclusively show an intention of the parties that the paper should immediately become the property of the bank. But, after all, the question is one of the agreement of the parties, either express or implied, from the general course of business between them. There can be no doubt that if a draft or other paper is delivered to a bank for collection, the mere fact that the indorsement of the owner is unrestricted, will not, as between him and the bank, make the latter the

owner of the property. Neither is it conclusive upon the question of ownership of the paper that before collection the amount of it is credited to the customer's account, against which he has the privilege of drawing by check. It has been frequently held, with the approval of the best text writers, that if paper is delivered by a customer to a bank for collection, or 'for collection and credit,' a credit of the amount to the customer before, and in anticipation of collection, will be deemed merely provisional, and the privilege of drawing against it merely gratuitous, and that the bank may cancel the credit, or charge back the paper to the customer's account, if it is not paid by the maker or drawee. . . . The right of banks to do this in case of the deposit of checks on other banks, without any special contract, is generally exercised and recognized. This is inconsistent with the idea that the title to the checks passes absolutely to the bank, and is only consistent with the theory that the bank is the agent of the customer for collection, notwithstanding the credit of the latter."

The foregoing opinion by Judge Mitchell has been quoted with approval in a number of cases, and, in our opinion, it lays down the correct rule.

In the case at bar the rights of third parties are not involved. The plaintiff, the Depositors Holding Company, stands in the same position as the City National Bank, if it had been a party to this action. Neither is there any question of negligence involved with regard to the collection of said items. This being an action between the original parties to the transaction, the question whether or not the City National Bank became the purchaser of said paper, and the absolute owner thereof, must depend upon the intention of the parties.

It is undisputed that all items involved were forwarded by the defendant to the City National Bank for collection and credit, and that the City National Bank acknowledged the receipt of these items by an instrument designated as Advice of Credit, wherein it is stated, "Outside items and sight drafts credited subject to payment." It is also conceded that for a number of years prior to the transaction here involved, it was the custom and usage existing between the two banks that all items not paid were to be charged back to the account of the Ashley State Bank. None of the items involved were paid.

In Fanset v. Garden City State Bank, 24 S. D. 248, 123 N. W.

686, cited in the briefs, the plaintiff deposited with the defendant a check for $500 endorsed in blank, payable in a distant city, and received credit for the same in her passbook. The bank forwarded the check for collection in the ordinary course of banking business and a draft was given on a Minneapolis bank by the payee bank, but such draft was protested for non-payment and the proceeds of the check deposited by plaintiff was never received by the Garden City State Bank. The plaintiff brought suit against the defendant to recover the amount of said check. The defendant resisted such recovery, claiming that the said check was delivered to said bank for collection and credit in the ordinary course of banking business; that it did not purchase said check, and that the said credit in the passbook was not intended as a permanent credit until said check was collected. One of the questions before the court for consideration was whether said check was delivered to defendant for collection and credit only, or was the same purchased by defendant so that the defendant became the owner thereof. At the time said check was deposited the plaintiff was a regular customer of said bank, and there was an oral understanding that the plaintiff was to be permitted to deposit checks in defendant bank and receive credit for the amounts thereof at the time of such deposit, and the defendant bank was to be permitted to charge against her in said account the amount of such checks not paid by the bank on which the same were drawn; but in the meantime, and until the dishonor of a check so deposited, the plaintiff was to be permitted to draw upon the amount thereof so credited as though it were a cash deposit. It was held that the Garden City State Bank took said check for collection and credit only, and not as a purchaser, and that the relationship of debtor and creditor did not exist between the plaintiff and the defendant by reason of such transaction. The court cites with approval the opinion of Judge Mitchell in the case of Re State Bank, 56 Minn. 119, 45 Am. St. Rep. 454, 57 N. W. 336.

That a bank does not become the purchaser of sight drafts and checks deposited for collection and credit, although endorsed unrestrictedly, and the depositor is given immediate credit, when the course of dealing between the depositor and the bank clearly shows that it was the intention of the parties that title should not pass until the paper was collected, is sustained by the following authorities: 3 R. C. L. 524; 7

C. J. 600; South Park Foundry & Mach. Co. v. Chicago, G. W. R. Co. 75 Minn. 186, 77 N. W. 796; Midwest Nat. Bank & T. Co. v. Parker Corn Co. 211 Mo. App. 413, 245 S. W. 217; Morris-Miller Co. v. Von Pressentin, 63 Wash. 74, 114 Pac. 912; Armour Packing Co. v. Davis, 118 N. C. 548, 24 S. E. 365; Beal v. Somerville, 17 L.R.A. 291, 1 C. C. A. 598, 5 U. S. App. 14, 50 Fed. 647.

The conflict in the decisions bearing upon the question at issue can be accounted for by the difference in the facts and the manner in which the issue of ownership has been raised. The great weight of authority, however, is to the effect that as between the original parties the intention of the parties is controlling upon the question as to whether title passed.

Was it the intention of the City National Bank to become the absolute owner of the drafts and check, and to credit them to the Ashley State Bank as cash? Did the City National Bank discount this paper and assume all responsibility as to its dishonor? The drafts and check were drawn on an outside bank and the letter of advice sent by the City National Bank to the defendant states: "All outside items and sight drafts credited subject to payment." The remittance slip states: "We enclose for collection and credit." The testimony of the vice-president of the Ashley State Bank is to the effect that it was the invariable practice that any items forwarded to the City National Bank which could not be collected were charged against the account of the Ashley State Bank and returned to the defendant. We are satisfied that the evidence in this case shows that it was not the intention of the parties that the City National Bank should become the absolute owner of these items at the time they were deposited and credit was entered, but that such credit was merely conditional and did not become absolute until said items were paid. The credit was only conditional and given as a matter of accommodation to the defendant, and might be cancelled and the checks and drafts returned should they be dishonored. When said items were paid the conditional credit became absolute, and the City National Bank became the owner of the proceeds.

Where the rights of third parties are involved, the fact of an endorsement without restriction has been held in some cases to be con-

clusive upon the question of title having passed to the depositor bank. In this case we are not concerned with the rights of any third parties. See Clancy v. First State Bank, 55 N. D. 946, 215 N. W. 779; First Nat. Bank v. Wells County, 54 N. D. 502, 209 N. W. 962.

Counsel for appellant relies upon the cases of Douglas v. Federal Reserve Bank, 271 U. S. 489, 70 L. ed. 1051, 46 S. Ct. 554; Burton v. United States, 196 U. S. 283, 49 L. ed. 482, 25 S. Ct. 243; Ashley State Bank v. City Nat. Bank (C. C. A. 8th) 32 F. (2d) 166.

These cases differ from the case at bar. The drafts or checks involved in the cases relied upon by appellant were paid. When a check or draft deposited for collection and credit is paid, and the proceeds thereof received by the bank where it was deposited, title to such proceeds vests in the bank, the credit becomes absolute, and the relation of debtor and creditor is established.

The City National Bank had an absolute right to charge back to the account of the defendant any items not collected. The defendant had at the time an account in excess of the amount of said items with the City National Bank, and it could have charged back said items and cancelled the credit. There are no equities that can be urged in favor of the appellant in this action.

The judgment of the lower court is affirmed.

BURR, NUESSLE and CHRISTIANSON, JJ., and McKENNA, Dist. J., concur.

BURKE, Ch. J., and BIRDZELL, J., being disqualified, did not participate; Hon. P. G. SWENSON, Judge of the First Judicial District and Hon. GEO. M. McKENNA, Judge of the Third Judicial District, sitting in their stead.