Cora Susan CRONEMEYER, Appellant,

v.

FIRST NATIONAL BANK OF NORTH-
EAST, a corporation, Appellee.

No. 3754.

District of Columbia Court of Appeals.

Argued Oct. 18, 1965.

Decided Dec. 23, 1965.

Robert C. Handwerk, Washington, D. C., with whom Remsen B. Ogilby Washington, D. C., was on the brief, for appellant.

Courts Oulahan, Washington, D. C., with whom Charles S. Rhyne and Edward D. Coxen, Washington, D. C., were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This appeal is from a summary judgment. The undisputed facts are that Mrs. Cronemeyer, the appellant here, drew two checks in the amounts of $574 and $287 on a District of Columbia bank payable to Glenn Ross. Ross took the $574 check to appellee, a Maryland bank, where he had a checking account, endorsed the check in blank, and received therefor $100 in cash and a credit to his account for the remaining $474. Five days later Ross followed exactly the same procedure with the $287 check. The Maryland bank forwarded these checks for collection through regular clearing house channels. Before the checks were presented to the District of Columbia bank for payment, Mrs. Cronemeyer had entered stop-payment orders against them. By the time the checks were returned to the Maryland bank, Ross had withdrawn from his account all but $11.23. Being unable to charge the dishonored checks against Ross' account, the Maryland bank brought this action against Mrs. Cronemeyer for the total of the two checks and obtained summary judgment against her.

Appellant says grant of summary judgment was error because there was a genuine issue of fact. The factual issue, according to appellant, was whether appellee was a holder in due course or, as alleged by appellant, a mere agent for collection of its customer's (Ross') funds. The claim that appellee was merely an agent for collection is based on the fact that appellee's cards for opening an account and its deposit slips contained the usual condition that the bank "acts only as depositor's collecting agent and assumes no responsibility beyond its exercise of due care."

The transaction between Ross and appellee occurred in Maryland, and appellee's status is controlled by Maryland law. The Maryland Bank Code provides that when a bank, acting as agent for collection, "allows any revocable credit for an item to be withdrawn, such agency relation shall nevertheless continue *except the bank shall have all the rights of an owner thereof against prior*

*and subsequent parties to the extent of the amount withdrawn.*" (Emphasis added.) Anno.Code of Md., Art. 11, § 119 (1957).[1]

Thus, whatever may be the relation between appellee and Ross, appellee became owner of the checks as far as appellant is concerned when it took the checks from Ross, gave him part in cash, and permitted him to withdraw the balance. Numerous cases hold that a bank becomes a holder in due course upon cashing or crediting a check, despite the use of deposit slips providing that all items are credited subject to final payment.[2]

Furthermore, the checks here were endorsed in blank and thereby became payable to bearer, and appellee being in possession of this bearer paper became a holder.[3] Appellant has not challenged appellee's allegation that it took the checks in good faith and for value. The bank must be treated as a holder in due course. On these facts appellant's claim that appellee was an agent for collection raised no issue of fact, but instead a question of law. The trial court correctly determined that question.

Affirmed.

1. All sections of the Maryland Code herein cited have been repealed by the adoption of the Uniform Commercial Code, effective February 1, 1964, but the transaction here occurred prior to that date and the Uniform Commercial Code is not applicable. Streeter v. Middlemas, Md., 213 A.2d 471 (1965).

2. Kann v. United States, 323 U.S. 88, 65 S.Ct. 148, 89 L.Ed. 88 (1944); City of Douglas v. Federal Reserve Bank, 271 U.S. 489, 46 S.Ct. 554, 70 L.Ed. 1051 (1926); Lowrance Motor Co. v. First Nat. Bank, 238 F.2d 625, 59 A.L.R.2d 1164 (5th Cir. 1956); Community State Bank of Royal Center v. Durbin, 121 Ind.App. 229, 232, 95 N.E.2d 310, 98 N.E.2d 604 (1951); First Nat. Bank v. Corcoran, 105 Cal.App. 116, 286 P. 1105 (1930).

3. Anno.Code of Md., Art. 13, §§ 30(5), 16 (1957).