JOFFRION-WOODS, INC., v. ST. JAMES BANK & TRUST CO.

(April 1, 1929. Opinion and Decree.)
(April 29, 1929. Rehearing Refused.)

Chas. T. Wortham and Martin, Woods and Woods, of New Orleans, attorneys for plaintiff, appellee.

P. M. Lambremont, Guion and Upton, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is an appeal from a judgment for plaintiff, rendered on a rule taken for a judgment upon the face of the petition and answer.

The petition alleges that plaintiff deposited a check drawn to its order by L. B. Babin, of Whitecastle, Louisiana, in the sum of $1,740.32, upon the Bank of Whitecastle, with the defendant, the St. James Bank & Trust Company, and that the amount of said check was immediately credited to plaintiff's account in the defendant bank; that defendant endorsed the check and forwarded it to the Hibernia Bank & Trust Company of New Orleans for collection; that the Hibernia Bank & Trust Company endorsed it in blank and forwarded it to the Bank of Whitecastle for collection and payment; that the Bank of Whitecastle charged Babin's account with the check, marked it paid, and returned it to Babin and forwarded to the Hibernia Bank & Trust Company its draft on the Hibernia Bank & Trust Company for the amount of the check; that about two days after the draft was sent to the Hibernia Bank, the Bank of Whitecastle was ordered closed by the order of the State Bank Examiner, and the Hibernia Bank thereupon refused to honor the draft on itself and charged back the amount to the St. James Bank, which, in turn, charged it back to plaintiff.

The defense as set up in the answer admitted that the check was deposited with defendant and credited to plaintiff's account, but without guarantee of collection; in other words "as a deposit for collection." As set forth in Paragraph 8 of the answer:

"Further answering the allegations of said petition respondent avers that said check of Seventeen hundred and forty and 32/100 ($1740.32) Dollars, was received by it for deposit on the 26th day of January, 1927, and on the same day was credited to

the account of plaintiff as a deposit for collection and that, after indorsing the same in blank, it immediately forwarded the same to the Hibernia Bank & Trust Co. of New Orleans, La., its correspondent and collecting Bank, for collection on the 26th day of January, 1927; that said Hibernia Bank & Trust Co. after receiving the same and indorsing the same in blank, immediately forwarded the same to said Bank of White Castle, White Castle, La., for collection and credit and said Bank of White Castle, thereafter forwarded to said Hibernia Bank & Trust Co., in payment, thereof, its draft on said Hibernia Bank & Trust Co., but that said Hibernia Bank & Trust Co. was unable to effect collection of said draft because said Bank of White Castle failed and closed its doors for business before the same could be collected; that said Hibernia Bank & Trust Co., therefore, having charged respondent's account with the amount of said check, respondent in turn, debited the amount to the account of said plaintiffs."

It is the contention of plaintiff that the act of the defendant bank in placing the check to the credit of plaintiff was the acceptance of a deposit, involving the bank with responsibility for the amount of the credit, without regard to the collection of the check; that there is a distinction between a check received for deposit and one received for collection, the check in this instance, it is insisted, being one received for deposit. We are referred to Douglas vs. Federal Reserve Bank, 271 U. S. 493, 46 S. Ct. 554, 70 L. Ed. 1053; Bank of Popular Bluff vs. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754, 756; Cleve vs. Craven Chemical Co., (C. C. A.) 18 F. (2d) 711, 52 A. L. R. 980; Berg vs. Federal Reserve Bank of Minneapolis, 55 N. D. 406, 213 N. W. 963, 52 A. L. R. 988.

Defendant, on the other hand, contends that the check was received by it "as a deposit for collection," as is customary, the understanding being that, if the de-

fendant does not realize from the deposit the amount credited to plaintiff, a corresponding debit shall be charged to plaintiff's account. Our attention is directed to Act 85 of 1916, which reads:

"That any Banking Association, Savings Bank or Trust Company, receiving for collection or deposit any check, note, draft, or other similar instrument, may send such item for collection directly to the Bank on which it is drawn, or at which it is made payable, and the failure of the Bank, either because of its insolvency or otherwise, to which such item is sent for collection, to account for the proceeds thereof, shall not render the forwarding Bank liable therefor."

and to Act 86 of 1926, reading:

"That no State or National Bank, located in this State, which shall receive for collection or deposit negotiable or non-negotiable paper or securities, payable elsewhere than at the place of its domicile and by it forwarded for collection shall ever be liable for any loss resulting from the fault or negligence of any Bank, State or National, or other person, acting in a fiduciary capacity, through whose hands such paper or securities may pass while in transit."

It is argued that neither of these acts applies to the present situation, because, in the case of the Act of 1916, it is necessary that the check be forwarded directly for collection to the bank on which it is drawn, which was not done in this case, and with reference to the Act of 1926, it is necessary, in order for this act to have application, that the loss should result "from the fault or negligence" of a bank. It is said that in this case there was no negligence, no tort, and therefore this latter statute has no application.

This view would limit the scope of the statute to cases in which collection had failed, because of some negligence on the part of an employee of a bank in whose hands the check might be during the

process leading to finale liquidation. We do not agree with this narrow construction and are of opinion that Act 86 of 1926 is pertinent, whatever may be said of Act 85 of 1916. The financial failure of the bank in this instance, it seems to us, may be regarded as a fault within the meaning of the statute which would relieve the initial bank from responsibility. At any rate, we are unable to agree with our learned brother below in his holding that the case should be dismissed on the face of the pleadings, as we believe the answer sets up a serious defense, which, upon the trial of the case, may be fortified, or weakened, by introduction of evidence.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that this case be remanded to the Twenty-third Judicial District Court for the Parish of St. James for further proceedings according to law, and consistent with the views herein expressed.