JOFFRION-WOODS, INC., v. ST. JAMES BANK & TRUST CO.

———

(March 24, 1930. Opinion and Decree.)
(April 7, 1930. Rehearing Refused.)
(May 5, 1930. Writ of Certiorari and Review Granted · by Supreme Court.)
(July 2, 1930. Opinion and Decree of Supreme Court on Writ of Certiorari and Review.)

———

Martin, Woods & Woods, of Lutcher, and Chas. T. Wortham, of Donaldsonville, attorneys for plaintiff, appellant.

P. M. Lambremont, of Convent, and Guion & Upton, of New Orleans, attorneys for defendant, appellee.

WESTERFIELD, J. The facts in this case are in substantial accord with the allegations of plaintiff's petition, and appear at length in our opinion and decree reversing a judgment rendered upon the face of the papers, reported in 10 La. App. 658, 121 So. 378.

As intimated in that opinion, we believe that the case turns upon the interpretation to be given Act 86 of 1926. That act declares:

"That no State or National bank, located in this State, which shall receive for collection or deposit negotiable or non-negotiable paper or securities, payable elsewhere than at the place of its domicile and by it forwarded for collection, shall ever be liable for any loss resulting from the fault or negligence of any bank; State or National, or other person, acting in a

fiduciary capacity, through whose hands such paper or securities may pass while in transit."

Able counsel for plaintiff, in argument and in brief, devote much time and space to a discussion of the difference between a check accepted for collection and one accepted for deposit, so far as the relation of the accepting bank is concerned; it being insisted that, when a check is accepted for deposit, unlike the situation where it is accepted for collection, the ownership of the check passes to the bank, and the relation of debtor and creditor is established between the bank and the payee. Henefin vs. Bank, 116 Neb. 331, 217 N. W. 91, 58 A. L. R. 758; Douglas vs. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051; Martin vs. Hibernia Bank, 127 La. 302, 53 So. 572.

Without discussing this proposition of law, we observe that the act of 1926 exempts banks from liability upon checks, whether accepted "for collection or deposit," under the circumstances obtaining in this case. Counsel say that this act has not been skillfully drawn, and that it could not mean what it appears to say. It is argued that the act should have provided that no "loss resulting from the fault or negligence of any bank," etc., should prevent the initial bank from recovering the amount back from the depositor, but the fact remains that the act does not so provide, and we must deal with it as it is. Since in terms it is applicable, it is controlling. This, evidently, was the view of the trial judge, who, after hearing the case on its merits, rendered judgment in favor of defendant, and we believe his conclusion was correct.

For the reasons assigned, the judgment appealed from is affirmed.