O’NIELL, C. J.
 

 The plaintiff, Joffrion-Woods, Inc., deposited in the bank of the defendant, St. James Bank & Trust Company, at Butcher, Ba., a check for $1,740.82, drawn by B. B. Babin on .the Bank of White Castle, at White Castle, Ba. The St. James Bank & Trust Company immediately credited plaintiff’s account with the amount, and forwarded the check to the Hibernia Bank & Trust Company, in New Orleans, for collection; and the Hibernia Bank & Trust Company promptly forwarded the check to the Bank of White Castle for payment. Babin had sufficient funds in the Bank of White Castle to pay the check; and the Bank of White Castle had a balance of $4,473.-20 to its credit in the Hibernia Bank. The Bank of White Castle therefore stamped the cheek “paid,” charged the amount-to Babin’s account, and sent to the Hibernia Bank & Trust Company a draft, or exchange, for $2,768.97, in payment of the Babin check and other cheeks received from the Hibernia Bank
 
 &
 
 Trust Company. On the next day after the draft for $2,768.97 reached the Hibernia Bank, the Bank of White Castle failed and was closed by order of the state bank examiner; whereupon the Hibernia Bank & Trust Company, instead of honoring the draft for $2,-768.97, charged off loans which the bank had made to the Bank of White Castle, amounting to $4,361.76, leaving, therefore, only $111.44 to the credit of the Bank of White Castle. The Hibernia Bank & Trust Company therefore charged the Babin check of $1,740.32 back to the account of the St. James Bank & Trust Company, and that bank charged the amount back to the account of Joffrion-Woods, Ine.
 

 This suit was brought by Joffrion-Woods, Ine., to recover the amount -of the check from the St. James Bank & Trust Company. The facts, so far as they were deemed important, being admitted, the district court gave judgment for the plaintiff on the petition and answer. The Court of Appeal set aside the judgment and remanded the ease. See Joffrion-Woods, Inc., v. St. James Bank & Trust Co., 10 La. App. 658, 121 So. 378. The district judge then heard the evidence, establishing the facts which we have related, and, on the authority of- the opinion expressed by the Court of Appeal, gave judgment for the defendant, rejecting the plaintiff's demand, which judgment was affirmed by the Court of Appeal. See Joffrion-Woods, Inc., v. St. James Bank & Trust Co., 127 So. 28. The case is here on a writ of review.
 

 Counsel for Joffrion-Woods, Inc., rely upon the general rule prevailing in other jurisdictions, that, when a check on a distant bank is indorsed by the payee and deposited by him in his local bank, and he receives credit for the amount as for cash, and is permitted to draw against the deposit the local bank becomes irrevocably the owner of the check. The cases cited in support of the doctrine are
 
 *175
 
 Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051; Equitable Trust Co. v. Rochling, 275 U. S. 248, 48 S. Ct. 58, 72 L. Ed. 264; Latzko v. Equitable Trust Co., 275 U. S. 254, 48 S. Ct. 260, 72 L. Ed. 267; and Martin v. Hibernia Bank & Trust Co., 127 La. 301, 53 So. 572. In the case before us, however, we are governed by a statute on the subject, Act No. 86 of 1926, p. 125. The' case of Martin v. Hibernia Bank & Trust Co. was decided by this court in 1910. Thereafter the Legislature adopted a statute on the subject, Act No. 85 of 1916,- p. 204. The act provides that any bank receiving, for collection
 
 or deposit,
 
 any check, draft or note, may send the item for collection directly to the bank on which it is drawn or at which it is made payable, and a failure of the bank to account for the proceeds, either because of its insolvency or for any other reason, shall not render the forwarding bank liable. The act of 1926 is even more appropriate to this case. It provides that a bank that receives for collection
 
 or deposit
 
 a negotiable or nonnegotiable instrument, payable at a bank elsewhere, and forwarded for collection, shall not be liable for any loss resulting from the fault or negligence of any bank or person through whose hands the instrument may pass while in transit.
 

 Counsel for Joffrion-Woods, Inc., contend that a distinction should be made between a case where the forwarding bank received the instrument
 
 for collection
 
 and a case where the forwarding bank, as in this case, received the instrument
 
 for deposit
 
 and gave the depositor credit for the amount. Our answer is that neither of the statutes makes any such distinction. They relieve the forwarding bank from liability as well when the instrument has been received for deposit as when it has been received for collection. The statutes recognize and virtually declare that, when a bank receives from one of its depositors an item for collection or deposit, the hank may immediately give the depositor credit for the amount without becoming irrevocably the owner of the instrument or forfeiting the right to charge the amount back to the depositor if the bank fails to make the collection. It is not necessary that there should have been any fault or negligence on the part of the Hibernia Bank & Trust Company or of any 'hank or person through whose hands the instrument passed, in order that the St. James Bank & Trust Company should be relieved of liability by Act No. 86 of 1926. The statute does not mean merely that the forwarding bank shall not be liable for any fault or negligence of another bank, or of some one else. It means that the forwarding bank shall not be liable except for some fault or negligence 'on its own part. We do not express an opinion as to whose fault it was that the amount of the Babin check was not collected by the St. James Bank & Trpst Company. It is sufficient to say that the bank’s failure to collect was not due to any fault or negligence on its part.
 

 The judgment is affirmed.