JOFFRION–WOODS, Inc., v. BROCK, State Bank Com'r.

No. 1324.

Court of Appeal of Louisiana. First Circuit.

May 8, 1934.

Chas. T. Wortham, of Donaldsonville, and Sigur Martin, of Lutcher, for appellant.

Borron, Owen & Borron, of Plaquemine, for appellee.

MOUTON, Judge.

A check dated January 24, 1927, drawn by L. B. Babin on the Bank of White Castle, owned by plaintiff, was indorsed by plaintiff and deposited with the St. James Bank at Lutcher for collection, was indorsed by the latter bank and sent to the Hibernia Bank in New Orleans for collection. The Hibernia Bank forwarded it directly to the Bank of White Castle, drawee, for collection and payment.

It was received by the Bank of White Castle, January 27, 1927, and the drawer, Babin, having sufficient funds to his credit on deposit, the Bank of White Castle marked the check "paid," and charged the amount of the check, $1,740.32, to Babin's account.

The Bank of White Castle then sent its draft or exchange to the Hibernia Bank and drew on that bank for $2,768.97, which covered the amount of plaintiff's check and other checks which the Hibernia Bank had sent to the Bank of White Castle for collection. This check for $2,768.97 was received by the Hibernia Bank on January 31, 1927, but was not honored by the Hibernia Bank because at that time it did not have sufficient collected funds to the credit of the Bank of White Castle.

The Bank of White Castle was closed by J. S. Brock, state bank commissioner, defendant herein, on February 1, 1927, and up to that time the Hibernia Bank had not sufficient collected funds to the credit of the Bank of White Castle to pay the draft of $2,768.97, which, as hereinabove stated, covered the plaintiff's check.

Suits were brought by plaintiff for the amount of the check in question against the Bank of St. James, also against the Hibernia Bank, which were decided adversely to the claim of the plaintiff. See Joffrion-Woods v. St. James Bank & Trust Co., 171 La. 172, 129 So. 808; Joffrion-Woods v. Hibernia Bank & Trust Co., 19 La. App. 419, 139 So. 22, in which the Supreme Court refused a writ of review.

Having thus failed to recover, plaintiff brought this suit against J. S. Brock, state bank commissioner, for the amount of this check, $1,740.32, with legal interest, and for a recognition of a lien and privilege with preference over all other claims.

Judgment was rendered for the amount claimed in favor of plaintiff but denying the lien or privilege. Plaintiff appeals.

The lien or privilege is claimed under the provisions of Act No. 63 of 1926.

In the petition, plaintiff asserts its right to the lien by virtue of the provisions of section 2 of that act, but on this appeal seems to have abandoned that position, and is now insisting upon its rights to a lien under section 1 of that statute; hence we will direct our reasonings to that section of the act.

The portion of the act pertinent to the issue presented reads as follows: "That when any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank" etc. Section 1.

The St. James Bank, with which the check of plaintiff was originally deposited for collection, was the agent of the plaintiff, and so was the Hibernia Bank to which it was sent for collection by the St. James Bank at Lutcher.

In sending this check to the Bank of White Castle by the Hibernia Bank, agent of the plaintiff, the Bank of White Castle was designated or constituted the agent of the plaintiff, to present the check for payment. This fact created the relation of principal and agent between plaintiff and the Bank of White Castle. Bank of Poplar Bluff v. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. page 756, second column, with numerous citations.

In the common-law states this relation of principal and agent has been recognized in many cases, which counsel for defendant contends is not apparently the majority rule. In the states where the common law prevails, out of this relation of principal and agent, an equitable lien arises in favor of the forwarder of the check. Under our system such

a lien does not arise, as liens or privileges do not exist unless created by law.

In this case, the contention of plaintiff is that the lien claimed was created under the provisions of section 1 of Act No. 63 of 1926, upon which it is relying for the recognition of a privilege on the property and assets of the Bank of White Castle.

■■ We are of the opinion, that the check of the plaintiff was sent through the St. James Bank and the Hibernia Bank to the Bank of White Castle for collection as agent. This fact brings this case within the purview of section 1, of Act No. 63 of 1926, where it refers to any bank which receives as agent any bill, note, check, etc., for collection. Evidently if the statute did not so provide such agency would not be created by law, and no lien or privilege could have resulted in favor of plaintiff, as our laws will not recognize an equitable lien arising from the mere relation of principal and agent.

The real question at issue here revolves around the interpretation of that section of the statute where it refers to the bank collecting or realizing any money on such bill, check, order, or draft. That section of the act, after saying, "collects or realizes any money on the same," continues and says, "and has not deposited same to the credit of said principal."

As there is no pretension that there was any deposit in the Bank of White Castle of the money realized on the check to the credit of plaintiff, the principal, there is nothing in that provision of the act to debar plaintiff of the benefits of that statute if not deprived thereof under the construction or meaning to the words "collects or realizes," contended for by counsel for defendant.

It is shown that the funds on deposit by L. B. Babin, drawer of the check, were applied to its payment; that the check was marked "paid" and charged to his account.

The contention of counsel for defendant is that this application of Babin's funds was not a collection or realization of any money on the check, but that it was a payment.

It is true that this was a payment of the check, but this payment was effected from the funds belonging to Babin, through a collection by the bank, and, although made against itself, the amount "realized" was taken from the "money" due for the check; hence money was collected or realized on the check as is provided for in the act, which grants a privilege to a principal in such a case, on the property and assets of the agent bank. The contention of counsel for defendant seems to be based on the proposition that, where such a payment is made by a bank from the funds of a depositor, no new money or asset is added to the funds of the bank, and that its financial situation remains the same. There is nothing in the language of the act to support such a contention. We must be guided by the provisions of the statute, and cannot add anything to it by construction or otherwise, as this would be the exercising of legislative functions in violation of the constitutional prohibition on that subject.

We find that the amount of the check was collected and realized by the White Castle Bank, as agent bank, and that plaintiff is entitled to a lien as prayed for.

The district judge rendered judgment against J. S. Brock, state bank commissioner, for the sum of $1,740.32, amount claimed, with legal interest, but without privilege or preference.

It is therefore ordered, adjudged, and decreed, that the judgment be amended by decreeing that plaintiff have a lien or privilege to secure said amount, and that plaintiff be paid by preference, as provided for in section 1 of Act No. 63, 1926; and, as thus amended, the judgment be affirmed.