ROGERS, Justice.
 

 This is a suit for the recovery of $1,740.32 from the Bank of White Castle, in liquidation, with recognition of a lien and privilege on the assets of the defunct bank, under the provisions of Act No. 63 of 1926. The district court gave plaintiff a judgment for the amount of its claim, but rejected plaintiff’s demand for a lien and privilege. On appeal, the Court of Appeal for the First Circuit amended the judgment by allowing the asserted privilege. The ease is now before us on a writ of review granted on defendant’s application.
 

 There is no dispute between the parties as to the facts of the case, which are as follows, viz.:
 

 L. B. Babin, of .White Castle, sent to plaintiff at Butcher his check for $1,740.32 drawn on the Bank of White Castle. The check was dated January 24, 1927. Plaintiff indorsed the check and deposited it for collection in the St. James Bank & Trust Company at Butcher. This was on January 26,1927. The St. James Bank indorsed the check and forwarded it to the Hibernia Bank & Trust Company, its correspondent in New Orleans. On receipt of the check, the Hibernia Bank sent it to the Bank of White Castle for collection, and payment. The Bank of White Castle received the check on January 29, 1927, and Babin, the drawer, having sufficient funds to his credit on deposit, the Bank of White Castle stamped the check “Paid” and charged it to Babin’s account. The Bank of White Castle then drew its draft on the Hibernia Bank & Trust Company for $2,768.97 and forwarded the draft to the drawee bank. The amount of the draft included the amount of Babin’s check, as well as other checks drawn on the-Bank of White Castle which the Hibernia Bank sent at the same time to the Bank of White Castle for collection.
 

 The Hibernia Bank received the draft of the Bank of White Castle on January 31,. 1927, but declined to honor the draft because-at the time of its receipt it did not have sufficient collected funds to the credit of the Bank of White Castle to meet the payment of the draft in full.
 

 
 *776
 
 The State Bank Commissioner closed the Bank of White Castle on February 1, 1927, since which time the bank has not reopened.
 

 The plaintiff, Joffrion-Woods, Tnc., first sued the St. James Bank & Trust Company for the amount of the check, but was unsuccessful in its suit. See Joffrion-Woods v. St. James Bank, 171 La. 172, 129 So. 808. Plaintiff then sued the Hibernia Bank & Trust Company for the amount of the check, but was unsuccessful also in that suit. See Joffrion-Woods, Inc., v. Hibernia Bank, 19 La. App. 419, 189 So. 22, in which a writ was refused by this court. Plaintiff then brought the present suit.
 

 The defendant liquidator concedes that plaintiff is entitled to recognition as an ordinary creditor of the defunct bank, but he vigorously resists plaintiff’s claim to a privilege on the assets of the bank. Hence, only a question of law is presented for decision, namely, whether plaintiff’s claim is a privileged, or merely an ordinary, claim.
 

 Plaintiff rests its claim for a privilege on the provisions of section 1 of Act No. 63 of 1926. The statutory provision reads in part as follows, viz.:
 

 “That when any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank,” etc.
 

 Relator contends the Court of Appeal erred in holding that the check was collected within the intendment of the statutory provision. Relator argues that the only obligation resting on the bank of White Castle was to honor the check of Babin, its depositor, when presented, and that the bank discharged its obligation when it issued its own check on the Hibernia Bank.
 

 It is not disputed that Babin had on deposit with the Bank of White Castle sufficient funds to meet the check when it was presented. And the check was paid, in contemplation of law, when the Bank of White Castle debited Babin’s account with its amount, stamped it paid, returned it to the drawer, and forwarded its own draft to the Hibernia Bank. City of Douglas v. Federal Reserve Bank of Dallas, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051; Bank of Poplar Bluff v. Millspaugh, 313 Mo. 412, 281 S. W. 733, 47 A. L. R. 754.
 

 But the check was sent for collection by the Hibernia Bank to the Bank of White Castle. The collection was made when the check was paid, since there cannot be a payment without a corresponding collection. The Bank of White Castle collected the check as the agent of the drawee and it paid the check as the agent of the drawer. There was nothing illegal in such a dual agency. The bank’s duties as the drawee’s agent in no wise conflicted with its duties as the drawer’s agent.
 

 The rule governing transactions of the character herein under review is set forth in Bank, of Poplar Bluff v. Millspaugh, notes
 
 *778
 
 2 and 4 of the syllabus of which read as follows, viz.:
 

 “2. The act of a bank which as payee of a check sends the check to the drawee is equivalent to designating the drawee as its agent to present the check to itself, collect it, and send the money to the payee.”
 

 “4. A bank to which a check on itself is sent for collection does not change its relation from that of agent to that of debtor, by remitting by draft instead of in cash.”
 

 Relator in his brief refers specifically to the words of the statute “and collects or realizes any money on the same,” and argues that the purpose of the Legislature in using that language was to make the statutory provision applicable only to those cases where the bank to which the check is sent “realizes any money,” and, in effect, increases or augments its assets.
 

 But the words on which relator places so much stress are followed immediately in the statutory provision by the words, “and has not deposited same to the credit. of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank, etc.”
 

 The money collected or realized on Ba-bin’s check was not deposited in the Bank of White Castle to the credit of plaintiff, who was the principal in the transaction. Nor was the' collecting bank authorized to make any such disposition of the proceeds of the instrument. The check was sent to the Bank of White Castle merely for collection and remittance. Under such circumstances, the duty of the Bank of White Castle, as was said in People ex rel. Nelson v. People’s Bank & Trust Co., 35a Ill. 479, 187 N. E. 522, 524, 89 A. L. R. 1328, was “strictly clerical and manual — i. e., to safely remit the money to the forwarding bank or owner of the check.”
 

 The transaction seems to fall squarely within the terms of section 1 of Act No. 63 of 1926, granting the owner of a cheek a privilege on the assets of a collecting bank. In the absence of the statutory authority, no such privilege would be enjoyed by the owner of the check. There is nothing in the language of the statute that limits the privilege only to those cases in which the assets of the collecting bank are augmented by the collection.
 

 But if there were, the plaintiff still would be entitled to a recovery with the recognition of his privilege.
 

 The transaction was not, as argued by relator, merely a bookkeeping one by which credits were shifted from one account to another on the bank’s records without any increase of its assets. That argument is untenable because it rests wholly upon the assumption that the Bank of White Castle became a debt- or of the plaintiff company, which, as we have stated, it did not.
 

 When the Bank of White Castle paid Ba-bin’s check, the result was the same as if its depositor had presented his check, received the money himself, and paid the plaintiff company. When the' plaintiff company failed to receive the proceeds of the check, the result was the same as if Babin after withdrawing the funds represented by the check returned them to the bank with instructions to remit them direct to plaintiff. The title to the proceeds of the check never at any time
 
 *780
 
 passed to the Bank of White Oastle. It always remained in plaintiff, with the bank holding the proceeds as agent for remittance to plaintiff. As the funds were not remitted to plaintiff, they, necessarily, augmented the funds that came
 
 into the
 
 liquidator’s possession when he took charge of the bank. See People ex rel. Nelson v. People’s Bank & Trust Company and authorities therein cited.
 

 Por the reasons assigned, the judgment under review herein is affirmed.