## FIRST NAT. BANK OF LAFAYETTE v. COMMERCIAL BANK OF LAFAYETTE & TRUST CO.

### No. 1560.

Court of Appeal of Louisiana. First Circuit.
Dec. 31, 1935.

Dan Debaillon and Waldo H. Dugas, both of Lafayette, for appellant.

Charles D. Caffery and Mouton & Davidson, all of Lafayette, for appellee.

ELLIOTT, Judge.

First National Bank of Lafayette alleges that Commercial Bank of Lafayette & Trust Company is indebted unto it in the sum of $855.79, with interest, resulting from a clearance of checks which took place between them on March 1, 1933, and that said indebtedness is protected by a privilege existing in its favor on all the property and assets of the last-named bank.

The plaintiff alleges that its privilege is superior in rank to the claims of all depositors and those having a general privilege, except those for law and judicial charges. Commercial Bank of Lafayette & Trust Company for answer admits owing the amount claimed, but denies the existence of the alleged privilege. From a judgment in favor of the plaintiff recognizing the privilege as prayed for, the defendant has appealed.

The present suit was instituted May 4, 1933. Soon after its institution, Commercial Bank of Lafayette & Trust Company was taken in charge by J. S. Brock, state bank commissioner, and placed in liquidation. The bank commissioner was made a party to the present suit, and is the defendant before the court.

The only question in the case is whether or not a privilege exists on the assets of the defunct Commercial Bank of Lafayette & Trust Company in liquidation, as alleged by the plaintiff. The law under which it is claimed is Act No. 63 of 1926, § 1, and it reads as follows: "That when any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank, which privilege shall be superior to the claims of all depositors of said agent bank, the claims of all creditors of said agent bank having no privilege and to all other general privileges on the property and assets of said agent bank, except those for law and judicial charges."

The record shows that the two banks mentioned were on March 1, 1933, both engaged in doing a general banking business in the city of Lafayette. They had been in business there for several years, were both solvent, and on the day mentioned, pursuant to custom, they had through the medium of agents had a clearance of checks which had been drawn on the other bank. In this clearance a difference of $855.79 was found to exist in favor of First National Bank. In taking care of this difference, Commercial Bank of Lafayette & Trust Company issued its check on the Canal Bank & Trust Company of New Orleans, payable to First National Bank and delivered same to the First National Bank in payment of the difference. First National Bank promptly forwarded it for collection to the correspondent at New Orleans, by which it was duly presented to Canal Bank & Trust Co. for payment, and payment was refused. Commercial Bank of Lafayette & Trust Company was soon afterwards declared insolvent, taken in charge by the state bank commissioner, and placed in liquidation. The purpose of this suit is to recover the amount due with recognition of the protecting privilege which the plaintiff claims exists in its favor under the law mentioned. The amount due was payable in cash on March 1, 1933, as soon as the clearance was completed. Commercial Bank of Lafayette & Trust Company could on that day have paid in cash, if the cash had been demanded, but a check was instead issued in favor of the First National Bank, accepted and forwarded, and if it had been paid the clearance would have been satisfactory to both parties. The check was issued and accepted in lieu of money, stood for and represented money due in the way mentioned. As a result of this clearance of checks and the issuance of this check for $855.79 in favor of First National Bank in lieu of cash, not deposited in Commercial Bank of Lafayette & Trust Company to the credit of First National Bank, but transmitted to First National Bank in lieu of cash, Commercial Bank of Lafayette & Trust Company must be regarded as the agent of First National Bank, to the extent necessary to effect the clearance, and for the same purpose First National Bank stands as the principal of its debtor bank.

The lower court held, and we find correctly, that the privilege claimed by the plaintiff existed. The situation comes within the principle of the case entitled Joffrion-Woods v. Brock (La.App.) 154 So. 660, and Id., 180 La. 771, 157 So. 589. In re Liquidation of Hibernia Bank & Trust Co., 181 La. 335, 159 So. 576. Defendant contends that the situation is more in harmony with the case entitled Louisiana & N. W. R. Co. v. Wylie (La.App.) 157 So. 804, but we think it similar to that which existed in Joffrion-Woods v. Brock, and that the judgment appealed from is correct.

Judgment affirmed. Defendant-appellant to pay the cost in both courts.