### In re BANK OF WHITE CASTLE.
#### No. 1593.

Court of Appeal of Louisiana. First Circuit.

June 9, 1936.

Sigur Martin and Rodney P. Woods, Jr., both of Lutcher, for appellants.

Borron, Owen & Borron, of Plaquemine, for appellee.

Le BLANC, Judge.

In filing his provisional account in the course of liquidation, Cleve Joseph, special agent to the state bank commissioner, in his capacity as liquidator of the Bank of White Castle, listed as a privileged claim an item of $2,768.97 representing an exchange issued by the Bank of White Castle to the Hibernia Bank & Trust Company of New Orleans on January 29, 1927, covering sundry collection items represented by checks drawn by some of its depositors on the Bank of White Castle and forwarded through the said Hibernia Bank & Trust Company. Included among the several check items going to make up the total amount of the draft was one of $1,740.32 represented by a check drawn by one L. B. Babin, held by Joffrion-Woods, Inc., and forwarded by it for collection through the Hibernia Bank & Trust Company as aforesaid. There was also included another check item for $35 held by Louis L. Butler and also forwarded for collection in the same manner.

The Joffrion-Woods, Inc., item had been the subject of much litigation, which finally resulted in a judgment recognizing it as a privileged claim against the assets of the Bank of White Castle in liquidation. See Joffrion-Woods, Inc., v. Brock, Bank Commissioner (La.App.) 154 So. 660. That was a decision by this court, which was affirmed on review by the Supreme Court. See Joffrion-Woods, Inc., v. Brock, Bank Commissioner, 180 La. 771, 157 So. 589. It was as a result of the judgment rendered in that case that the special agent of the liquidating bank placed all items covered by the draft issued to the Hibernia Bank & Trust Company as privileged claims on his provisional account. He did not allow any interest on the item however, whereupon Joffrion-Woods, Inc., and Louis L. Butler each filed an opposition praying that the provisional account as filed be amended so as to include legal interest and costs on their respective claims.

There are two questions presented to the court in these oppositions. That of Joffrion-Woods, Inc., involves an interpretation of the decree of this court in the decision handed down by it and that of each of the opponents involves the right of a privileged creditor of an insolvent bank to demand and be paid legal interest on the amount of his privileged claim which has been recognized.

From an adverse decision on both oppositions in the lower court, this appeal was taken.

We are of the opinion that any legal question which may be involved with regard to the opposition of Joffrion-Woods, Inc., has been foreclosed by the judgment of court rendered in its favor, recognizing a privilege for the amount of its claim, with interest, and which judgment has now become final. The prayer of the petition in its suit seeking to enforce its privilege was for judgment condemning the liquidator of the Bank of White Castle to pay plaintiff "the sum of $1,740.32, with legal interest thereon from the 1st day of February, 1927, until paid, by privilege, preference and priority over all other claims whatsoever." The decree in the judgment of the district court is for the full sum demanded "with legal interest thereon from the 1st day of February, 1927, and all costs of suit. Said judgment to be paid in due course of administration, but without privilege or preference." On appeal to this court it was found that the judgment of the district court was erroneous in respect to the claim for a privilege and it was held "that plaintiff is entitled to a lien as prayed for." It was stated in the opinion that "the district judge rendered judgment against J. S. Brock, State Bank Commissioner," for the sum of $1,740.32, amount claimed, with legal interest, but without privilege or preference." Following that statement, came the decree as follows: "It is therefore ordered, adjudged and decreed, that the judgment be amended, by decreeing that plaintiff have a lien or privilege to secure said amount, and that plaintiff be paid by preference, as provided for in section 1 of Act No. 63 of 1926; and, as thus amended the judgment be affirmed."

It is urged that the words "said amount" as used in the decretal part of the judg-

ment should be restricted and applied to the principal sum only. We do not so construe the reference intended by those words. The pleadings in the case raised no issue whatever except that of the privilege claimed to secure the amount demanded. That amount, as we have noted, was for the principal sum with legal interest. The judgment of the lower court so treated the demand, and when this court amended the judgment in respect to the claim for a privilege any reference to the amount decreed by that judgment by use of the words "said amount" was to the amount of the demand as made, with legal interest. That seems to have been made plain by the last phrase of the decree, to wit, "and, as thus amended the judgment is affirmed." Amended how? Simply and merely by allowing a privilege where none had been granted in the judgment appealed from. If further amendment had been intended by eliminating the interest allowed in that judgment, certainly it seems to us that would have been further provided for in the decree.

On this ground, and on this ground only, will the judgment now appealed from, as regards the opposition of Joffrion-Woods, Inc., be changed, as we are equally convinced that on the point of law raised in its opposition as well as in that of Louis L. Butler, the judgment of the lower court is correct and should be affirmed. In this respect, the opponent Butler may be said to be less fortunate because he did not have a judgment in his favor as did Joffrion-Woods, Inc.

■■ There are two reasons which suggest themselves to us why as a matter of law interest cannot be allowed on claims of the nature of those here presented. The first and most important we think arises from the fact that we are here dealing with a privileged claim, and under the well-known rule of construction, any law relating to and regulating privileges must be strictly applied. The statute under which the privilege is claimed in this case is Act No. 63 of 1926, and it grants that privilege to the one from whom any bank receives, as agent, for collection and remittance or delivery to its principal and not for deposit, any bill, note, check, draft, etc., and collects and realizes any money on the same, and has not deposited the same to the credit of the said principal, on the property and assets of the said agent bank "for the amount so collected by said agent bank. * * *" The privilege then, as we see it, is for "the amount collected" by the bank, and nothing more. Construing those words strictly, "the amount collected" does not include interest. Besides, the codal definition of the word "interest" under our law is "damages due for delay in the performance of an obligation to pay money." See Rev.Civ.Code, art. 1935. Certainly under the rule of strict construction of the statute herein involved, we do not think that its meaning could possibly be extended so as to include damages over and above the amount of money collected by the bank and on which it is provided the privilege specifically exists.

■ The other reason which suggests itself on this point is that we are here dealing with the liquidation of an insolvent institution and one especially in which the public at large is interested. We do not think it is the policy of the law to allow interest on claims against an insolvent estate and much less should it be allowed on claims against an insolvent bank which is being liquidated in the interest of the depositors and other creditors. Counsel for opponents state in their brief that while it may be otherwise in some states, that in Louisiana it has always been the rule that claims, whether against successions, insolvents, syndics, receivers, or liquidators, bear interest up to the time of actual payment, or at least to the date of the filing of an account. They state further that the rule as established in Louisiana was probably influenced by article 989 of the Code of Practice, which provides that claims against successions shall bear interest from the death of the debtor, whether judicial demand has been made or not. But looking at the article mentioned, we find the pertinent qualifying phrase that interest shall be allowed on such debts, "if the estate be sufficient." In the first case cited by counsel, Succession of Desorme, 10 Rob. 474, we find that it was on the basis that the succession "contrary to all expectation turned out to be solvent," that legal interest was allowed on the debts presented. Counsel have referred us to numerous other decisions, but in none of them do we find that interest was allowed against an insolvent estate or institution unless conventional interest was stipulated and was part of the debt contracted and sought to be collected. From the article of the

738

Code of Practice referred to, it seems to be implied that in the case of an insolvent estate, at any rate, interest is not allowed on the debts presented against it, and if that be the rule with regard to estates, we certainly think that it should apply with equal if not greater force to insolvent banks whose affairs are administered in the interest of the general public.

Because of the conclusions which we have reached, it becomes necessary for us to amend the judgment of the district court and it is therefore now ordered, adjudged, and decreed that the judgment appealed from be and the same is hereby amended with respect to the third opposition of Joffrion-Woods, Inc., and with regard to that opposition it is now ordered that the provisional account herein filed by Cleve Joseph, special agent to James Brock, state bank commissioner, acting as liquidator of .the Bank of White Castle, be amended by placing the opponent Joffrion-Woods, Inc., thereon for the full amount of the judgment heretofore recovered by it, with legal interest thereon as therein decreed, and all costs of that proceeding. Otherwise, the judgment appealed from is affirmed, the costs in the opposition of Joffrion-Woods, Inc., to be borne by the liquidator of the Bank of White Castle, and those in the opposition of Louis L. Butler to be borne by him.