**In re CANAL BANK & TRUST CO. (MIDLO, Intervener).***

No. 15055.

Court of Appeal of Louisiana. Orleans.

Jan. 25, 1937.

Dufour, St. Paul, Levy & Miceli, of New Orleans (Rene J. Waguespack and John W. Schwab, both of New Orleans, of counsel), for appellant.

James N. Brittingham, Jr., of New Orleans, for appellee.

McCALEB, Judge.

On October 16, 1933, Herman L. Midlo intervened in the proceedings entitled "In Re Liquidation of Canal Bank & Trust Company No. 202-252 of the Civil District Court for the Parish of Orleans," claiming that he is a privileged and preferred creditor of that bank in the sum of $935.88 under the provisions of Act No. 63 of 1926.

From the facts of the case, which are undisputed, it appears that Midlo was, on and before March 1, 1933, a depositor in the Canal Bank & Trust Company. On that date, he deposited, in his personal account at the bank, two checks, one drawn by S. Kunnes on the Whitney Trust & Savings Bank for $600 and one drawn by Mrs. R. F. Wolfson on the Hibernia Bank & Trust Company for $2,152.10. At the time he made this deposit, which amounted

in total to the sum of $2,752.10, he had on deposit to his credit the sum of $12.50, and the bank gave him immediate credit for the two above-mentioned checks and later, on the same day, he drew against said credit items aggregating in total to the sum of $1,375.08 which were honored and his account debited in that amount.

After the Canal Bank went into liquidation, it paid to all of its depositors a total dividend of 35 per cent. of their balances and Midlo received his share of this dividend. The present suit is brought by him for the purpose of being recognized as a privileged creditor of the bank to the extent of the amount remaining to his credit on its books. The bank closed on March 1, 1933, at 3 p. m. and has never reopened for business except on a restricted basis.

The checks deposited by Midlo were presented for payment with the New Orleans Clearing House Association. The items were duly paid and credit received by the Canal Bank therefor. He claims that, when the bank closed, the relationship of principal and agent existed between the bank and himself, and that therefore he is entitled to be recognized as a privileged creditor.

The district judge maintained his contention and allowed the privilege. From this adverse judgment, the liquidator of the Canal Bank has appealed.

In justice to the trial court, it should be observed that its decision in favor of the intervener was rendered soon after the liquidation proceedings had taken place (at a time when the various questions concerning the application of Act No. 63 of 1926 were unsettled) and long prior to the decision of the Supreme Court in the Intervention of Clark & Co., 181 La. 856, 160 So. 609, 618. In that case, which settled for once and all the relative rights of persons claiming privileges under Act No. 63 of 1926, it was held that the intention of the parties, at the time the item is placed in the hands of the bank, governs and, where the item is placed with the bank for any purpose other than for collection and remittance, the claim of privilege will be disallowed.

This case is stronger in favor of the bank on its facts than was the Clark Case (inasmuch as the items deposited by Midlo were collected by the Canal Bank) and is identical with the Clark Case, in that, at the time Midlo made the deposit, he was given immediate credit by the bank and actually drew against the items deposited.

Counsel for Midlo recognizes and concedes the force of the Clark decision, but he contends that the Supreme Court erred in its conception of the law in that case. He tells us that, when the Clark Case was presented, the Supreme Court's attention was neither directed to Act No. 85 of 1916, which provides: "That any Banking Association, Savings Bank or Trust Company, receiving for collection or deposit any check, note, draft or other similar instrument, may send such item for collection directly to the Bank on which it is drawn, or at which it is made payable, and the failure of the Bank, either because of its insolvency or otherwise, to which such item is sent for collection, to account for the proceeds thereof, shall not render the forwarding Bank liable therefor," nor to the decision of the Supreme Court of the United States in Dakin v. Bayly, 290 U.S. 143, 54 S.Ct. 113, 78 L.Ed. 229, 90 A.L.R. 999. He further contends that, under the above-quoted statute and the decision in Dakin v. Bayly, supra (construing a statute of the state of Florida similar to Act No. 85 of 1916 to mean that in all cases the relationship of principal and agent exist whether or not the item is placed in the hands of the bank for collection and remittance or collection and credit), it is obvious that our Supreme Court is incorrect in its holding in the Clark Case.

But counsel is mistaken when he says that the Supreme Court did not consider Act No. 85 of 1916 in the Clark Case. On the contrary, on application for rehearing, it appears that the court specially examined the above-mentioned statute and in its per curiam in commenting on the case of Joffrion-Woods, Inc., v. St. James Bank & Trust Co., 171 La. 172, 129 So. 808, said: "We said that the statutes on the subject did not make a distinction between a case where the local bank received the check or draft for collection and a case where the bank received the item for deposit, and that, inasmuch as the nonliability of the bank— or right of the bank to charge the item back to the depositor if not collected—was determined by statute, the opinions of the law-writers and judges on the abstract question as to whether title to the check or draft had passed to the bank was a matter of no practical importance."

It is difficult for us to perceive the applicability of either Act No. 85 of 1916 or Act No. 86 of 1926 in determining whether the privilege, accorded by Act No. 63 of 1926, exists in this case. The latter act has been repeatedly interpreted to mean that a privilege is not granted in any case unless the item was placed in the hands of the bank for collection and remittance. See Intervention of Clark, supra; In re Canal Bank & Trust Co. (Intervention of the City of New Iberia) (La.App.) 167 So. 858; In re Hibernia Bank & Trust Co. (Intervention of Pan American L. Ins. Co.), 185 La. 448, 169 So. 464; In re Canal Bank & Trust Co. (Interventions of Guaranty Bank & Trust Co. et al.) (La.App.) 170 So. 427; In re Canal Bank & Trust Co. (Intervention of Goodman & Beer Co., Inc.) (La.App.) 170 So. 420, and Investors Syndicate v. Deposit Guaranty Bank & Trust Co., 172 So. 39, decided by us this day.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that the intervention of Herman L. Midlo be, and the same is, dismissed at his cost.

Reversed.

