CHASEZ, Judge.
This is an appeal from a judgment of the-lower court refusing to modify or reopen a prior judgment in which plaintiff was awarded workmen’s compensation benefits. The sole question to be decided is whether the previous judgment should have been modified pursuant to LSA-R.S. 23:1331 to-order defendant to make additional compensation payments until plaintiff fully recovered from his injuries.
The record discloses that on June 21,. 1961, judgment was rendered in the lower-court condemning defendant to pay workmen’s compensation benefits of $35.00 per week for a period of 65 weeks from September 18, 1960. Thus, 39 weeks were payable retroactively from the date of the judgment, and 26 weeks, or exactly 6 months, were payable after the judgment.
*509 On December 18, 1961, the defendant’s compensation insurer made the last payment due plaintiff by issuing a draft for $35.00 payable to plaintiff and his attorney. This draft forms part of the record and indicates that it was accepted, immediately deposited and in due course paid. Then on December 27, 1961, 9 days after the last draft was issued and 6 months and 9 days after the rendition of the judgment, plaintiff filed a motion to reopen and amend the judgment to increase compensation benefits on the ground that plaintiff’s injuries had not improved to such an extent that he could resume gainful employment. After a hearing, the lower court refused to modify the judgment and plaintiff has appealed.
Plaintiff’s motion to reopen and modify the judgment awarding him compensation benefits is based on LSA-R.S. 23:1331, the relevant part of which provides that:
“At any time six months after the rendition of a judgment of compensation, a judge of the trial court that rendered the judgment shall review the same upon the application of either party for a modification thereof, on the grounds that the incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud, or misrepresentation.”
In Lacy v. Employers Mutual Liability Ins. Co. of Wis., 233 La. 712, 98 So.2d 162, 165, the Louisiana Supreme Court interpreted LSA-R.S. 23:1331 as follows:
“From our interpretation of R.S. 23 :- 1331, which we believe to be fortified by the above cited adjudications, the following conclusions seem inescapable (1) that the award of compensation in the first instance is a final judgment fixing the extent and duration of disability for the period stated therein subject, however, to modification, after six months have elapsed and compensation is still due, upon allegations by either plaintiff or defendant that the disability has increased or decreased; (2) that the award in the first instance is final for a period of six months thereafter and may not be reopened before the expiration of that time and (3) that, in cases where the judgment of the trial court fixes with definiteness the duration of the employee’s incapacity to work to be a period of less than six months from the date of its rendition, such a judgment is not within the purview of R.S. 23:1331 and may not be modified under allegations that the incapacity resulting from the accident has since increased or diminished.”
It is thus clear that for a judgment awarding compensation to be reopened and modified under LSA-R.S. 23:1331, the duration of the plaintiff’s disability must be fixed for a period of time in excess of six months from the date the judgment was rendered, and the judgment must not have been extinguished by payment at the time the modification is sought. Gaspard v. Fidelity & Casualty Co. of New York, La.App., 109 So.2d 278.
Under this interpretation it is readily seen that the lower court was not in error when it refused to reopen the judgment. The compensation period was 65 weeks, 39 of which were awarded for disability prior to the judgment. Thus, exactly six months (26 weeks) of payments were allotted to disability after the judgment. Since the period of disability fixed by the court did not exceed six months from the date the judgment was rendered, the interpretation of LSA-R.S. 23:1331 given by the Supreme Court in the Lacy case precluded the lower court from modifying its prior award.
Plaintiff argues, however, that the rule of the Lacy case did not prevent a modification of the judgment because all compensation payments were not made at the time he filed his motion. He bases this-argument on two points. First, the draft by which defendant’s insurer made the last payment was not charged to the drawer’s-account until December 29, 1961, two days- *510 after the motion was filed. Second, he cites Joffrion-Woods v. Brock, 180 La. 771, 157 So. 589, and Bain v. Worsham, La. App., 159 So. 463, as authority for the rule that the receipt of a check does not constitute payment in Louisiana until the account of the drawer is debited with its amount. Thus, he argues that since he moved to reopen the judgment two days prior to the time the insurer’s account was debited with the amount of the final draft, he acted before the judgment was extinguished by payment.
We are of the opinion that this argument is without merit. The Supreme Court in the case of Ray v. Canal Bank & Trust Co., 186 La. 547, 173 So. 101, at page 102 stated as follows:
“It is the payment and not the receipt of the check which operates to discharge the obligation, although such payment relates back to the moment of receipt. Langridge v. Dauenhauer, 120 La. 450, 45 So. 387.”
and in the case of Gulf Motor Lines v. European Agencies, La.App., 155 So. 523, at page 526, Judge Janvier, as organ of the court, stated the following:
“Where a check is accepted in payment of an account although there is no actual payment until the funds are received, still there is a duty in the payee to present the check in due course or to permit it to be presented, and, pending presentation, the fact that the check is in existence constitutes conditional payment which status continues to exist until the check has been presented and is either paid or dishonored.
“In Corpus Juris, volume 48, page 618, and also on page 594, appear statements to the effect that such a conditional payment is recognized as the true status which attaches to such a transaction.
“Therefore, although there is a possibility that the check when presented will be dishonored it cannot be assumed that such will occur; on the contrary the presumption is that it will be paid. Therefore, since the check was accepted, plaintiff, the payee, must be considered as having been conditionally paid, and, therefore, at this time and until the contrary is shown the defense of payment must be sustained.”
Moreover, when a judgment debtor in a compensation case issues a check or draft in payment of his obligation, it is then entirely within the power of the judgment creditor to cash the instrument at a time which suits his own convenience. If we were to hold that for the purpose of determining whether a judgment was extinguished in a proceeding under LSA-R.S. 23:1331 the final payment was not made until the account of the drawer was debited, a compensation creditor could evade the rule of the Lacy case merely by keeping the final check or draft uncashed until six months after the judgment was rendered. Therefore, we must hold that the judgment is extinguished when the judgment creditor received the check or draft for the final payment, since the check was paid when duly presented, not when the account of the drawer is debited.
Although the record is barren of evidence other than the draft itself regarding the date on which plaintiff received the draft for his last compensation payment, plaintiff admitted in his motion to modify the judgment that the last payment “was due and paid on December 18th, 1961.” Since the parties are bound by the statements in their pleadings, we must hold that plaintiff was in receipt of the draft for the final payment on December 18, 1961, and that therefore the last installment was paid 9 days before he attempted to reopen the judgment.
Because workmen’s compensation was not granted in this case for a period in excess of six months from the date the judgment was rendered, and since no com *511 pensation was payable at the time plaintiff filed his motion, the lower court was correct when it refused to reopen or modify its judgment pursuant to LSA-R.S. 23:1331. For the foregoing reasons, the judgment appealed from is affirmed.
Affirmed.