### AMERICAN FRUIT GROWERS, Inc., v. CHASE NAT. BANK OF CITY OF NEW YORK.

Circuit Court of Appeals, Fifth Circuit. March 6, 1929.

No. 5462.

R. T. M. McCready, of Pittsburgh, Pa., and Pasco Altman, of Tampa, Fla. (Altman & Morrow, of Tampa, Fla., on the brief), for appellant.

George C. Bedell and Chester Bedell, both of Jacksonville, Fla., for appellee.

Before WALKER and BRYAN, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellee on a bill of exchange or draft drawn by appellant at Sanford, Fla., on itself at Candor, N. C., and made payable to the order of Seminole County Bank, Sanford, Fla., and indorsed by the payee, "Pay any bank, banker, or trust company, or order." The claim asserted by the suit was resisted on the ground that the paper "was not acquired by the plaintiff by purchase, and that no consideration was given for the same." The evidence showed the following:

The draft, indorsed as above stated, and having stamped or printed on its face the words, "Cash item. Present and collect," was forwarded to appellee with a letter of transmittal, filled in upon a printed form which contained the following: "This draft will be paid on presentation." "Give us immediate credit through your discount department." On the day of appellee's receipt of the draft, August 1, 1927, the appellee gave the payee credit for the full amount of the draft, $5,000, and on the same day forwarded the draft to the bank at Candor, N. C., at which the draft was made payable. On August 5, 1927, the day the payee suspended payment because of insolvency, appellee was notified of the nonpayment of the draft. Between August 1st and August 5th appellee paid out on the payee's checks amounts in excess of the total amounts standing to the payee's credit at the opening of business on August 1st, and credited to it between that date and August 5th.

During two years or more prior to the transaction in question the payee had had a deposit and checking account with the appellee, and had been a borrower from appellee, amounts borrowed being evidenced by a note or notes, secured by collateral, which under the terms of the notes was to be held by appellee to secure, not only the amounts evidenced by the notes, but also all present and future indebtedness to appellee of the maker of the notes. In the dealings between the payee of the draft and the appellee it was customary for the latter to give the former immediate credit for amounts of drafts and other items forwarded, and to permit such items to be checked against from the time credit therefor was given. In the event such items were not paid by the maker or drawee thereof, the appellee charged back the amount thereof against the depositor. The court directed a verdict in favor of the appellee.

The giving of credit by the appellee for the amount of the draft, and the withdraw-

al by the payee's checks of the amount so credited, before notice of any defect in the payee's title, had the effect of making the appellee a holder for value in due course, though the amount so credited was subject to be charged back to the depositor in the event of dishonor. Bland v. Fidelity Trust Co., 71 Fla. 499, 71 So. 630, L. R. A. 1916F, 209; Douglas v. Federal Reserve Bank, 271 U. S. 489, 46 S. Ct. 554, 70 L. Ed. 1051; Revised General Statutes of Florida, §§ 4698, 4732. The words on the face of the draft, "Cash item. Present and collect," gave no intimation that the payee's relation to the draft was other than that of the owner of it. Under the undisputed evidence appellee was entitled to a verdict in its favor.

No error appearing, the judgment is affirmed.