154 So.2d 191 (1963)
BANK OF AMERICA, a corporation organized and existing under the laws of the United States, Appellant,
v.
DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, a corporation organized and existing under the laws of the United States, the First National Bank of Miami, a corporation organized and existing under the laws of the United States, Henry Gordon and Frances Gordon, his wife, Appellees.
No. 62-632.
District Court of Appeal of Florida. Third District.
June 4, 1963.
Rehearing Denied June 26, 1963.
Smathers & Thompson and L.S. Bonsteel, Miami, for appellant.
Gus Feuer, Miami, for Dade Federal Savings & Loan Ass'n of Miami.
Scott, McCarthy, Preston & Steel and James H. Sweeny, III, Miami, for First National Bank of Miami.
Ferguson & Guberman, Miami, for the Gordons.
Before CARROLL, BARKDULL and HENDRY, JJ.
*192 HENDRY, Judge.
This is an appeal by the plaintiff, Bank of America, from a summary final judgment entered against it in an action in the circuit court of Dade County, wherein the defendants are Dade Federal Savings and Loan Association of Miami, The First National Bank of Miami, and Henry Gordon and Frances Gordon, his wife.
The facts out of which this action arose appear to be without material conflict. On March 31, 1961, the Gordons gave Dade Federal $7,500 in return for which Dade Federal issued its check in the amount of $7,500, drawn upon its account at First National, payable to the order of Howard A. Meyer, Trustee and Burton Polse. The check was delivered to Meyer who endorsed it and forwarded it to Polse.
On April 5, 1961, Polse deposited the check in the plaintiff's branch bank in Oakland, California, to the account of Cinema Pools, Inc., a corporation of which Polse is president. Polse neglected to endorse the check individually and when the check was presented to First National for payment it was returned to the plaintiff for proper endorsement. Polse thereafter endorsed the check and it was again presented to First National which returned it marked "payment stopped". In the interim, Cinema Pools, Inc. had withdrawn the sum of $2,020.82 against its deposit and when the plaintiff charged the check back against the account of Cinema Pools, Inc., the account became overdrawn in that amount.
The plaintiff, Bank of America, sued Dade Federal and First National for the total amount of the check, $7,500, alleging that it was a holder in due course of the check. The Gordons moved for an order allowing them to enter the suit as parties plaintiff, alleging that the check in question, issued by Dade Federal at their direction and paid for by them, was procured in connection with a fraudulent transaction. An order was entered joining the Gordons as parties defendant.
Thereafter, the Gordons filed a crossclaim against Dade Federal and First National alleging that they were entitled to the return of their $7,500.
About seven months after the Gordons were joined as parties defendant, Polse moved to be joined as party plaintiff. The motion was denied.
Motions for summary final judgment were filed by the plaintiff, and the defendants, the Gordons and First National. Dade Federal moved for leave to deposit the $7,500 into the registry of the court and for dismissal as party defendant. Upon hearing, the following summary final judgment was entered:
"ORDERED AND ADJUDGED as follows:
"1. That the Defendant, FIRST NATIONAL BANK OF MIAMI's Motion for Summary Judgment be and the same is hereby granted as a matter of law and the said Defendant is dismissed from this action to go hence without day.
"2. That the Defendant, DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI's oral motion be and the same is hereby granted and the said Defendant is hereby ordered, within three (3) days from the date hereof, to deposit with the registry of this Court the sum of $7,500.00 now in its possession, the same being the amount in controversy in this cause and the said Defendant is thereafter dismissed from this action to go hence without day.
"3. That the Plaintiff, BANK OF AMERICA'S Motion for Summary Judgment be and the same is hereby denied, the said Plaintiff to have and recover nothing by its suit.
"4. That the Defendants', HENRY GORDON and FRANCES GORDON, his wife, Motion for Summary Judgment *193 be and the same is hereby granted as a matter of law against the Plaintiff, BANK OF AMERICA and the cross-defendant, DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI and that the said sum of $7,500.00, after its deposit with the registry of the Court, as aforesaid, shall, upon further order of this Court, be turned over and to Marvin B. Guberman, as attorney for HENRY GORDON and FRANCES GORDON, his wife, and that the said Defendants go hence without day."
The plaintiff, Bank of America, appeals from the summary final judgment contending that having permitted its depositor to withdraw $2,020.82 of the amount credited to its account, before notice that payment had been stopped on the check, it became a holder in due course as to the entire amount of the check, or at least to the extent of $2,020.82 that the court erred in refusing to allow Polse to enter as party plaintiff.
Dade Federal has deposited the $7,500 into the registry of the court and the principal question before us is to whom should this sum be distributed. If the plaintiff is not a holder in due course of the check, the $7,500 should be returned to the Gordons.[1] If the plaintiff is a holder in due course, we must determine to what extent, so that distribution of the balance may be made to the Gordons.
We emphasize that the check in question is an ordinary check drawn by Dade Federal on its account with First National, payable to Meyer and Polse. Dade Federal had received $7,500 from the Gordons in exchange for the issuance of this check. Dade Federal, as drawer, had a right to stop payment on its check. However, it became subject to liability to any holder in due course of the check, except as to any real defenses it might have. The only defense which possibly could have been asserted by Dade Federal to payment of this check is the personal defense of the Gordons that this payment was the result of a fraudulent transaction. This defense would not be good as against the plaintiff, Bank of America, to the extent that the plaintiff may be considered a holder in due course of the check.
The recent case of Sorrells Bros. Packing Co. v. Union State Bank, Fla.App. 1962, 144 So.2d 74, held that when a bank credits a deposit to its customer and thereafter permits the depositor to withdraw the funds before collection or notice of stop order or other defect, and the funds are in fact withdrawn, the depository bank ceases to become an agent of the depositor and becomes a holder in due course of the check as to the amount withdrawn.[2] It seems abundantly clear that the plaintiff in our cause became a holder in due course of the check in question to the extent of the $2,020.82 which its depositor withdrew before the plaintiff was advised that payment had been stopped. Accordingly, judgment should have been rendered in favor of the plaintiff in the amount of $2,020.82.
Since the plaintiff's claim is based solely upon its rights as a holder in due course, and since we have determined that it was a holder in due course only to the extent of $2,020.82, we must conclude that the Gordons are entitled to the return of the balance of the check, to-wit: $5,479.18, from Dade Federal.
The result of this decision is that the Gordons, who initiated this transaction, are forced to bear the loss of $2,020.82 which Dade Federal incurred on their behalf.
With respect to appellant's contention that the trial court erred in refusing to allow Polse to be joined as a party plaintiff, we find that there was no abuse of discretion in such refusal.
*194 Accordingly, the summary final judgment appealed is affirmed in part and reversed in part and the cause is remanded with directions for the entry of a judgment consistent with this opinion.
NOTES
[1] The plaintiff's rights, if any, as an agent for collection, are not in issue.
[2] This case contained ample supporting authority and, therefore, we find it unnecessary to buttress this legal conclusion with additional citations.