SHANNON, Judge.
The defendant appeals a summary judgment of garnishment entered upon the following undisputed facts. On December 31, 1961, the defendant wrote a check to John B. Peters which was dated January 4, 1962. On the next business day after the check was written the defendant stopped payment on this check. Peters deposited this check in his account in a different bank on January 3, 1962, and on January 8, 1962, withdrew these funds. Peters’ bank received notice of the stop payment order on January 9, 1962.
The defendant has alleged that she made this check out under great fear of bodily injury, although it is not disputed that she actually signed the check. It has not been alleged, however, that the plaintiff-bank had any notice of this duress. When an instrument is in the hands of a holder in due course, it is conclusively presumed that *171 there was a valid delivery by all parties prior to the holder. Fla.Stat. Sec. 674.18, F.S.A. While the defense of duress would be available against Peters, it would not be available against the bank, which did not have notice of the duress.
Other questions raised by the defendant were settled in the case of Sorrells Bros. Packing Co. v. Union State Bank, Fla.App. 1962, 144 So.2d 74, which held that when a bank honors a depositor’s check withdrawing the amount deposited by another check, the bank becomes a holder in due course of the check deposited if it has no notice of any defect in the instrument. Ample authority is cited in that opinion, a repetition of which would serve no useful purpose. See also, Bank of America v. Dade Federal Savings & Loan Ass’n, Fla.App.1963, 154 So.2d 191.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.