TILLMAN PEARSON, Judge.
Florida-Patsand Corp., defendant in the trial cortrt, appeals a summary final judgment entered against it in an action brought by the Central Bank and Trust Company. The Bank claimed that Patsand owed it $24,200 upon an overdraft on Patsand’s account in the Bank. We aflirm the summary final judgment.
Central Bank and Trust Company was the depository bank for Florida-Patsand Corp. Irving Katz was the only authorized person with the right to issue or endorse checks of Patsand at Central. Katz sought to cash at Central a $25,000 check payable to Patsand and drawn on a St. Louis, Missouri bank. Central would not cash the check for Katz. However, Mr. Ashman, a Vice President at Central, indicated that the $25,000 check could be deposited to Patsand’s account at Central and that Patsand would be permitted to immediately draw against the same using its corporate checks without the usual waiting period to determine whether the check was good. Ashman wrote on the check “For Deposit Only Florida-Patsand Corp.,” after which it was deposited to Patsand’s account. Simultaneously with the deposit transaction, Katz, on behalf of Patsand, purchased $24,000 of cashier’s checks from Central, through Patsand checks drawn on its account at Central to pay for same.
Subsequently, the $25,000 check drawn on the St. Louis bank was dishonored. Central advised Patsand and Katz that an overdraft had been created in the Patsand account. Upon failure of Patsand or Katz to make good on the overdraft, Central sued Patsand and obtained a summary judgment in the amount of $24,200, plus costs which is the subject of this appeal.
The amount of the judgment is not in issue; however, the appellant urges that under the facts of this case Central became the purchaser and owner of the $25,000 check and as such did not have a claim for recovery against Patsand on the overdraft but was limited to an action against the drawer or drawee bank on the dishonored check or against Patsand on its endorsement of the check.
It cannot be doubted that regardless of the initial deposit agreement, when a bank credits a deposit to its customer and thereafter permits the depositor to withdraw the fund before collection or notice of stop order or any other defect, and the customer does, in fact, withdraw the fund, the depository bank becomes a holder for the value of the check as to the amount withdrawn and may enforce payment against the drawer thereof. Sorrells Bros. Packing Co. v. Union State Bank, Fla.App.1962, 144 So.2d 74; Bank of America v. Dade Federal Savings & Loan Ass’n., Fla.App. 1963, 154 So.2d 191. However, we are unable to agree with appellant’s contentions and fail to find the cited cases as supporting such a proposition. The obligation of a depositor to repay to the bank the-amount of money that the depositor has. drawn against a dishonored check is based upon the fact that the bank has paid money for the depositor’s use or benefit. See Cunningham v. Bunker, 5th Cir. 1930, 45 F.2d 458. See also cases cited at 10 Am. Jur.2d, Banks § 655. This remedy need not be mutually exclusive of the right of the bank to sue upon the negotiable instru *535 ment. See: Sorrell Bros. Packing Co. v. Union State Bank, supra; Bank of America v. Dade Federal Savings & Loan Ass’n., supra.
Inasmuch as the judgment was for moneys advanced by the bank, we need not consider Patsand’s point that the for deposit only endorsement was a restrictive endorsement and therefore precluded an action against Patsand. See Cunningham v. Bunker, supra. Furthermore, we find no merit in appellant’s position that it is entitled to the dishonored instrument before it has returned the money that it received from the bank for the instrument.
Accordingly, the summary final judgment is affirmed.
Affirmed.