PER CURIAM.,
The appellant was plaintiff in the trial court and brought an action to recover from the appellee for damages allegedly suffered as a holder in due course of a check drawn by the appellee to one Roy L. Willard, Inc., which was deposited in the appellant bank to the account of Willard. The bank immediately permitted funds to be drawn against the deposited check without waiting for same to clear. One of the items withdrawn was a total sum of $12,250.00 which was credited on a note the bank held from Willard. Upon learning that the appellee had issued a stop payment order on the check in question, the bank reversed its bookkeeping entry and destroyed the credit given on the Willard note. It thereupon brought the instant action, seeking to recover the funds that were actually withdrawn from the account prior to receipt of the notice of stop payment and the $12,250.00 credit given and reversed on the Willard note.
Upon final hearing, the trial judge rendered the following judgment:
“THIS CAUSE coming on before me for non-jury trial on the issues of damages and liability, and the Court having heard the witnesses and reviewed the exhibits and memoranda of law submitted by counsel for plaintiff and counsel for defendant, the Court issues this its finding of fact as follows:
“1. That the Defendant did execute and deliver to Roy L. Willard, Inc. a check drawn on the Peoples First National Bank of Miami Shores in the amount of $17,200.
“2. That on the 12th of September,[1] 1967, the Roy L. Willard, Inc. endorsed and delivered said check for deposit to the Plaintiff.
“3. That upon learning that certain facts represented by Royl L. Willard, Inc. to the Defendant were not true, the Defendant stopped payment on the check.
“4. That subsequent to the stop payment order, the drawee bank refused payment when the Plaintiff presented said check for payment.
“5. That the Plaintiff bank, prior to the time the check was refused payment by the drawee bank, applied a total of $16,081.38 to the checking account of Roy L. Willard, Inc., including two checks by Willard payable to the Plain *122 tiff-bank to be applied to a loan account of Willard in the Plaintiff bank totaling $12,250.00, representing a loan not yet due.
“6. That the aforesaid $16,081.38 in checks of the Willard checking account were drawn upon (a) some small amount of funds in the Willard account not involved with Defendant’s checks; (b) Defendant’s check of $17,200.00.
“7. That at the aforesaid point Plaintiff-bank was a holder in due course of that portion of Defendant’s check which was paid out by Plaintiff-bank on checks drawn upon said funds in the Willard account;
“8. Upon being notified of the stop payment order of the drawee bank, the Plaintiff-bank reversed the transactions involving Willard’s checking account and loan account by (a) debiting the loan account, thereby voluntarily re-establishing as a debt from Willard, the full amount of the loan, thus cancelling any credit given toward the debt; (b) crediting the Willard checking account with the same amount of $12,250.00, in effect returning the checks to Willard and thereby no longer being a holder in due course of the $12,250.00;
“9. That the following is a summary of the Court’s findings as to the effect of various foregoing transactions:
“Total paid out of checking account prior to stop-payment notice . $16,039.13
Less other funds in checking account available to pay for checks drawn:
Balance prior to deposit of Defendant’s check .... $ 14.03
Deposit of Dec. 14, 1967 . 1,512.50
1,526.53
Total checks drawn on Defendant’s check before notice. 14,512.60
Less checks reversed by Plaintiff. 12,250.00
Balance due Plaintiff as holder in due course. $ 2,262.60
“It is therefore,
“ORDERED AND ADJUDGED that Judgment be, and is, hereby entered in said cause in favor of the Plaintiff, COCONUT GROVE BANK, a Florida Banking Corporation, and against the Defendant, M. R. HARRISON CONSTRUCTION CORPORATION, a Florida Corporation, and said Plaintiff shall have and recover from said Defendant in the sum of $2,262.60, lawful money of the United States of American, and execution shall not issue until further order of this Court and costs to be taxed at a later date.
“DONE AND ORDERED in Chambers, at Miami, Dade County, Florida, this 6th day of December, A.D., 1968.”
The effect of this was to permit the bank to recover as a holder in due course for the funds actually dispersed, but to deny the bank the recovery for the sums it had elected not to credit on the Willard loan.
Under the facts of this case, we find no error in the trial court’s ruling. See: Bland v. Fidelity Trust Company, 71 Fla. 499, 71 So. 630, L.R.A.1916F, 209; Sorrells Bros. Packing Co., Inc. v. Union State Bank, Fla.App. 1962, 144 So.2d 74; Bank of America v. Dade Federal Savings and Loan Association of Miami, Fla.App. 1963, 154 So.2d 191; American Fruit Growers, Inc. v. Chase Nat. Bank of City of New York, C.C.A., 5th Cir. 1929, 30 F.2d 936. Although this transaction arose after the Uniform Commercial Code became effec *123 tive, counsel concede and we agree that the Code did not alter the rights and obligations of the parties under the instant facts, as set forth in the authorities cited above decided prior to the effective date of the Code.
Therefore, for the reasons above stated, the judgment here under review be and the same is hereby affirmed.
Affirmed.

. “September” should be “December”.