## ORANGE BLOSSOM MUSIC SHACK, INC. v CHECK CASHING SERVICES, INC.

Case No. AP-88-35 (County Court Case No. SO-88-2380)

Ninth Judicial circuit, Orange County

February 21, 1989

**OPINION OF THE COURT**

LON S. CORNELIUS, JR., Circuit Judge.

*FINAL ORDER AFFIRMING DECISION OF COUNTY COURT*

ORANGE BLOSSOM MUSIC SHACK, INC., Defendant below, appeals from an adverse judgment requiring that it pay a check to a holder in due course. I affirm.

The facts are undisputed. In April, 1988, Jim Hodges sold a banjo to ORANGE BLOSSOM MUSIC SHACK, INC., and received in payment a check for $150.00. This check was negotiated by Hodges to

CHECK CASHING SERVICES, INC., which paid value for the check and took it in good faith without notice of any claims or defenses against it. In fact, however, the banjo sold by Hodges to ORANGE BLOSSOM MUSIC SHACK, INC., had been stolen and was confiscated by the authorities. ORANGE BLOSSOM MUSIC SHACK, INC., stopped payment on its check promptly upon learning that the banjo had been stolen, and its bank refused payment to CHECK CASHING SERVICES, INC. CHECK CASHING SERVICES, INC., brought this action seeking payment on the check.

The parties acknowledge that CHECK CASHING SERVICES, INC., is a holder in due course with respect to the check. Florida has long recognized the universal rule that a holder in due course takes and holds a negotiable instrument free of all defenses of which he is not on notice, *Bank of Miami v Florida City Express, Inc.,* 367 So.2d 683 (3d DCA 1979). There are exceptions to this general statement, however, and the statute provides that if the illegality of a transaction is sufficient to render the obligation of one party a nullity, a holder in due course is subject to the defense of illegality. Florida Statutes Section 673.3-305. I find that the undisputed facts are not such as to render a check a nullity, and as a result, the rights of the holder in due course should be enforced.

A negotiable instrument in the hands of a holder in due course for value is enforceable according to its terms even though the instrument was obtained as the result of fraudulent misrepresentation. *Silver v State,* 179 So.2d 91 (1st DCA 1965), *Seinfeld v Commercial Bank and Trust Company,* 405 So.2d 1039 (3d DCA 1981). Hodges obtained the check from MUSIC SHACK based upon his representation, implicit in the transaction, that he was the owner of the musical instrument which he sold. The check was drawn and delivered to Hodges only as a result of this representation. While we now know that the representation was false and constituted a fraudulent inducement in order to obtain the check, nevertheless, the check was intentionally delivered to Hodges with the intention that it would be negotiated. The illegality of the underlying transaction between Hodges and MUSIC SHACK is in the nature of fraudulent inducement. Fraud in the inducement is a personal defense of the maker which is not available against a holder in due course. *Seinfeld v Commercial Bank and Trust Company,* supra, *Bank of America v Dade Federal Savings and Loan Association,* 154 So.2d 191 (3d DCA 1963).

The judgment below is affirmed.

DONE AND ORDERED in Chambers at the Orange County Courthouse, Orlando, Florida, this 21st day of February, 1989.